IN RE UNION TRUST CO.

---

### In re UNION TRUST CO.

### In re NEW ENGLAND PIANO CO.

(Circuit Court of Appeals, First Circuit.    May 15, 1903.)

No. 483.

1. BANKRUPTCY—POWERS OF COURT—ORDERING SALE OF MORTGAGED PROPERTY.
    A court of bankruptcy is not without jurisdiction to order the sale of property of the bankrupt free from incumbrances because it is subject to a mortgage for such an amount as to render it doubtful whether the equity of redemption is of value.

2. SAME.
    The word "estate," as used in Bankr. Act 1898, § 2 (Act July 1, 1898, 30 Stat. 545, c. 541 [U. S. Comp. St. 1901, p. 3420]), authorizing courts of bankruptcy to "cause the estates of bankrupts to be collected, reduced to money and distributed," is to be construed as covering all property in the possession of the debtor when the proceedings are instituted, and not as limited to the resultant interest of the bankrupt therein.

3. SAME—PETITION FOR REVISION—MATTERS REVIEWABLE.
    The question whether a court of bankruptcy erred in ordering a sale of property free from incumbrances, on the ground that it was covered by a mortgage which left no equity of redemption of value to the estate, cannot be reviewed by a Circuit Court of Appeals on a petition to revise in matter of law, where it involves questions of fact as well as law.

4. SAME—SALE OF MORTGAGED PROPERTY.
    The property in question on this petition is of the value of about $20,000. It was in the possession of the bankrupt at the time of the adjudication of bankruptcy. It is claimed entirely by a mortgagee and in part by the trustee. It is of such a character that there is good reason for maintaining that it could not be sold otherwise than in lump, except at a very great sacrifice. The questions between the mortgagee and the trustee involve serious legal problems, the settlement of which might

---

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 365.

¶ 3. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

postpone the disposition of the property for a very considerable time, and the expense of keeping is disproportionately large: *Held*, that an order of the District Court, directing a sale of the entire property without prejudice to the conflicting claims of the mortgagee and the trustee to the proceeds, was justifiable.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Robert W. Nason and George L. Barnes, for petitioner.

Godfrey Morse and Lee M. Freedman (Paul M. Hubbard, on the brief), for the trustee.

John F. Simmons, for New England Piano Co.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. This comes before us on a petition to revise the proceedings of the District Court for the District of Massachusetts directing a sale, free from incumbrances, of certain property in the possession of the bankrupt corporation at the time the petition in bankruptcy was filed against it. The Union Trust Company, petitioner, holds a mortgage on the whole or a portion of the property ordered to be sold. It was duly notified to appear before the referee in response to the petition for sale, was heard by the referee, and was afterwards heard in the District Court. There is therefore no question of jurisdiction of the kind raised in Ray v. Norseworthy, 23 Wall. 128, 23 L. Ed. 116; and, moreover, no question is made that this is not an appropriate proceeding to bring the matter before us. Therefore we have not specially considered either of these matters of jurisdiction.

The property the District Court ordered to be sold was constituted, in the main, of parts of pianos which were on hand for the purpose of being manufactured, or were in process of manufacture, and which it was claimed in the District Court were of little value except when manufactured into pianos of the style made by the bankrupt corporation. It also appeared that, if the property is employed in the manufacture of the kind of pianos heretofore made by the bankrupt corporation, it would probably be worth very nearly the inventory appraisement, but if sold at auction, or to some person who could not so employ it, it would probably not realize 50 per cent. thereof. It was also said that the expense of keeping the property is very large, so that, if the keeping was continued, it would probably very materially impair its value. Of the property thus ordered to be sold, something more than $20,000 in value was acquired by the bankrupt since the execution of the mortgage. Apparently the entire property, if held by the mortgage, would not realize the amount secured thereby, so that in that event the estate in bankruptcy would have no interest therein. The three essential facts which apparently appealed to the District Court in ordering the sale were, first, the question what portions of the property were covered by the mortgage; second, that, for the reasons stated, the property could not be sold, except in lump, unless at a great sacrifice; and, third, the expense

of keeping the property pending litigation with reference thereto. The fact, also, is so apparent that even this court cannot shut its eyes to it, that property of this character, if partly covered by the mortgage, and partly not so covered, would be so commingled as to cause delay, and possibly litigation, in separating one portion from the other.

At the time the petition in bankruptcy was filed, sundry attachments rested on the property, and in pursuance of section 67f of the bankruptcy act of July 1, 1898 (30 Stat. 565, c. 541 [U. S. Comp. St. 1901, p. 3450]), the District Court has undertaken to preserve those attachments, so far as it can do so, for the benefit of the general creditors. In view of this fact, and in view of the necessity, therefore, of giving a construction to that particular provision of the statute, and of ascertaining its practical application and effect—results which probably could not be reached except by the court of last resort—and in view, also, of the fact that the decisions of the federal courts and the state courts do not entirely agree as to the effect of provisions in mortgages with reference to subsequently acquired property, and of the question which line of decisions should be applied in cases like that at bar, it is very apparent that the court in bankruptcy might reasonably foresee that there would not only be difficulties in separating the property, as we have already described, but also serious legal problems in various directions, which, unless the property was sold by summary process, might postpone its disposition for a very considerable length of time.

It was claimed at bar that the record is such that we could determine on this petition whether or not the subsequently acquired property is held by the mortgage; that, if it is, the value of the property, in any aspect, would not equal the mortgage debt; that consequently it is clear, from any point of view, that the District Court ought not to have ordered the sale; and that therefore we ought to enter a decree reversing its action. To this there are several answers. It is true that ordinarily the court in bankruptcy ought not to interfere in this way where it is apparent that the estate has no equity of redemption of value, but this cannot be held to be universally true, for reasons which we have no occasion to state. Moreover, as this petition is framed, this question of the relations of the mortgage to the subsequently acquired property has not been presented in such way as to justify our considering it; and, what is a more serious difficulty, it involves, apparently, both law and fact. It is enough, however, to say that it is not before us, and that our conclusions, and whatever we may observe in this opinion, are absolutely without prejudice to anything as to the merits of the controversy which may hereafter arise.

The first proposition of the petition is that the District Court had no authority or jurisdiction to order a sale of the property in question free and clear of incumbrances. The petitioner concedes the force of the decisions of the Supreme Court in In re Christy, 3 How. 292, 11 L. Ed. 603, and Ray v. Norseworthy, 23 Wall. 128, 23 L. Ed. 116, already referred to; but it claims that the former was under the

bankruptcy act of 1841 (Act Aug. 19, 1841, 5 Stat. 440, c. 9), and the latter under that of 1867 (Act March 2, 1867, 14 Stat. 517, c. 176), and that both of those statutes expressly conferred powers on the District Court sitting in bankruptcy which are not given it by the act of 1898. Even if this were so, it would not follow that a decree should be entered in favor of the petitioner. By section 2 of the act of 1898 (Act July 1, 1898, 30 Stat. 545, c. 541 [U. S. Comp. St. 1901, p. 3420]) the District Courts, as courts of bankruptcy, are given "such jurisdiction at law and in equity as will enable them to exercise -original jurisdiction in bankruptcy proceedings in vacation in chambers, and during their respective terms"; and that this expression is not intended to be limited by the enumeration which follows is shown by the last paragraph of the section. As we have shown in other opinions, the District Court sitting in bankruptcy proceeds in accordance with the principles of equity, and exercises equitable powers. An order like this appealed from is clearly within the ordinary jurisdiction of courts proceeding on those principles and exercising those powers. In re Christy fully recognizes this, at pages 312, 313, 3 How., and pages 612, 613, 11 L. Ed. The case was reaffirmed in Nugent v. Boyd, 3 How. 426, 11 L. Ed. 664, and Houston v. City Bank, 6 How. 486, 12 L. Ed. 526. In this connection, the petitioner claims that Ray v. Norseworthy was rested on section 20 of the act of 1867, which gave special powers with reference to creditors, wholly or partially secured, offering proofs of debts against bankrupt estates; but an examination of the opinion shows that the case was merely supported by the reference to that section, and that the first section of the act was regarded as wholly sufficient. Nothing cited from the act of 1841 in In re Christy vested in the District Courts, sitting in bankruptcy, any greater powers with reference to the matter before us than are found in the provisions of section 2 of the present statute as we have explained them.

With reference to the word "estates," found in section 2, the case of the petitioner necessarily rests on construing that word as though it meant only the resultant interests of the bankrupt. That is neither its literal nor natural construction. Neither would it be a just construction if thereby it was given the effect of depriving the District Courts sitting in bankruptcy of ample powers to accomplish the purposes of the statute—a result which the opinion in In re Christy, at pages 312 and 313, 3 How., and pages 612, 613, 11 L. Ed., states would be a matter of extreme surprise. That the word "estates," in this connection, is to be construed as covering all property in the possession of the debtor at the time proceedings in bankruptcy are commenced, to which the trustee may fairly make color of claim, and that all such property is subject to the summary jurisdiction of the court in bankruptcy analogous to that at bar, was pointed out in White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, explained and applied by the Circuit Court of Appeals for the Second Circuit in Re Kellogg, 121 Fed. 333, 336; so that, on the whole, we can have no question that the District Court had jurisdiction to enter a decree of the character of that complained of.

The second ground of the present petition, as stated therein, is that, it having been made to appear that there is no equity of redemption in the property subject to the mortgage, the court erred in ordering a sale free of incumbrances. As shown by what we have already said as to the facts of the case, one difficulty about this proposition is that it does not plainly present the real question before us, although some interpretations of its phraseology might be said to cover it. In the latter aspect, it might possibly be construed as presenting to us the necessity of determining what property is covered by the mortgage, yet it cannot clearly be said to have been framed for that purpose. As we have already stated, we cannot enter into this question on this record. Inasmuch as we cannot enter into it, and inasmuch as the real underlying question, which must apparently await the result of litigation, is, what property is covered by the mortgage? the circumstances which we have explained, under which the District Court was called on to exercise its discretion in ordering a sale, were of the commonest character; and, so far as we can perceive, they appealed most earnestly to it for the decree which it entered, and which this petition seeks to revise.

Let there be a decree denying the petition, with costs for the respondent.