### SHOE & LEATHER REPORTER et al., Petitioners.

### In re FLAGG MFG. CO.

(Circuit Court of Appeals, First Circuit.   April 26, 1904.)

#### No. 520 (original).

1. BANKRUPTCY—COURTS—JURISDICTION—MORTGAGED PROPERTY—SALE.
   Union Trust Company, Petitioner, 122 Fed. 937, 59 C. C. A. 461, applied, to the effect that a court of bankruptcy has jurisdiction to order a sale in gross of all the assets of a bankrupt manufacturing corporation in its possession free from incumbrances, notwithstanding the corporation has given a mortgage on such assets to secure its bonds, leaving questions as to what assets are covered by the mortgage to be afterwards determined.

2. SAME—REVISORY PETITION—QUESTIONS REVIEWABLE.
   An objection to an order of a court of bankruptcy fixing a minimum bid for the sale of the assets of the bankrupt, and providing that five-sixths of the purchase price might be paid in bonds secured by mortgage on such assets, will not be reviewed on a revisory petition where petitioners could not be prejudiced in any manner thereby.

3. SAME—QUESTIONS RAISED BELOW.
   Where it was not objected in the District Court, sitting in bankruptcy, that part of the property of a bankrupt ordered to be sold had not been inventoried in the manner required by the bankrupt act, such objection would not be considered on a revisory petition.

Howland Twombly (Boyden, Bradlee & Twombly, on the brief), for petitioners.

Howard W. Brown, for respondent.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge.   This is a revisory petition brought by certain creditors of the Flagg Manufacturing Company, a corporation which has been adjudged bankrupt. The corporation was actively engaged in manufacturing at the time of its bankruptcy, and in all essential features the case is like that of Union Trust Company, Pe-

¶ 2. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

titioner, wherein we passed down an opinion on May 15, 1903, 122 Fed. 937, 59 C. C. A. 461. In this case, as in that, the bankrupt corporation had given a mortgage securing its bonds, and the indebtedness under that mortgage is very considerable. It also has a large unsecured indebtedness. This petition is brought by some of the unsecured creditors.

After a full investigation, the District Court, sitting in bankruptcy, ordered a sale of all the assets in lump, leaving all questions as to what portions thereof are covered by the mortgage and are not covered by it to be afterwards ascertained and determined. Therefore, so far as the main issue is concerned, the District Court rested securely on our decision in Union Trust Company, Petitioner.

Only two propositions require our attention. The District Court provided that the minimum bid should be $60,000, and that the purchaser might pay five-sixths of the purchase money in bonds secured by the mortgage referred to. The other sixth, being not less than $10,000, it ordered to be paid in cash. The petitioners claim that the District Court had no power to order any portion of the purchase price to be paid in bonds, but it is plain that they cannot be prejudiced by its order in that particular, so that we need not investigate its powers in reference thereto. The case in this respect falls within our expression in Boston Dry Goods Company, Petitioner, wherein we passed down an opinion on October 13, 1903, 125 Fed. 226, 229, 230, as follows: .

"It would be detrimental to the authority of the District Court, injurious to its administration of the bankruptcy statutes, and involve the numerous and useless delays which those statutes evidently have been framed to avoid, if, in administrative matters, where no substantial interests are concerned, we became meddlesome beyond what the law requires of us."

It is enough to say that this part of the case, as made by the petitioners, is disposed of by the general rule in equity which applies to these summary petitions, to the effect that equity does not concern itself with mere trivialities, nor unless, on the whole case, the proponent satisfies the court that he has a substantial interest, which is in danger.

The petitioners now maintain that the outstanding bonds, or some of them, are not valid obligations of the bankrupt corporation; but on this point the record gives us nothing definite, and the order of the District Court directing the sale contains sufficient remedial reservations, which it is not necessary to recite. The only other objection brought to our notice is that some of the property ordered to be sold has not been inventoried in the manner required by the bankruptcy statutes. While, of course, we would ordinarily expect the District Court, before selling property in lump as to which there are conflicting claims, to establish by proper inventory and appraisal the basis for a distribution of the proceeds when the title to the portions of the property in dispute is settled, yet this record presents nothing definite with regard to this proposition of the petitioners. It, however, appears that nothing of this character was brought to the attention of the District Court. Therefore this point is disposed of by the further observation made by us in Boston Dry Goods Company, Petitioner, to the effect that "we ought not to take jurisdiction over propositions of the char-

acter submitted to us, which the record does not clearly show were brought specifically to the attention of the District Court."

On the whole, we do not find that we would be justified in assuming to revise the District Court with reference to the case before us.

Let there be a decree dismissing the petition, with costs for the respondent.