### In re ROGER BROWN & CO. et al.

#### (Circuit Court of Appeals, Eighth Circuit. May 17, 1912.)

#### No. 111.

1. BANKRUPTCY (§ 258*)—SALE OF PROPERTY—POWER TO SELL FREE OF INCUMBRANCE.

While Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), makes no express provision therefor, it is uniformly held that a trustee appointed thereunder may be authorized to sell property of the bankrupt free of incumbrance, if there are reasonable grounds for believing that more can be realized than the amount of the incumbrance, and the court in making such an order has an incidental right to adjudicate the amount of the incumbrance, and to provide that the same shall be paid from the proceeds of the property, or that it may be credited on the purchase price.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 358, 359, 362; Dec. Dig. § 258.*]

2. BANKRUPTCY (§ 217*)—SALE OF PROPERTY—SUIT INTERFERING WITH SALE—POWER TO ENJOIN.

A referee ordered a sale of the bankrupt's property, which was subject to a mortgage, free of liens, ascertained the amount of the mortgage debt, and transferred the lien thereof to the proceeds of the property, and further ordered that, if the holder should buy the property, he might have credit for the amount on his bid. On the day before the sale a creditor who had received notice of the application for sale, but had not ap-

peared to oppose it, commenced a suit in a state court against the mortgagee to establish an equitable lien for his debt on the note and mortgage. *Held,* that it was within the power of the bankruptcy court to enjoin such creditor from prosecuting his suit in so far as it would affect the sale or interfere with the right of the holder of the mortgage to apply the amount due thereon toward the purchase of the property, should he become the purchaser.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern Division of the Southern District of Iowa.

In the matter of the Reliable Foundry & Machine Company, bankrupt. On petition by Roger Brown & Co. and John L. Benbow to revise an order of the District Court. Affirmed.

John L. Benbow, for petitioners.
E. C. Weber, for respondent Scherfe, Trustee.
George B. Stewart, for respondents Sommer and Riggs.

Before HOOK and SMITH, Circuit Judges, and MARSHALL, District Judge.

SMITH, Circuit Judge. The American Gibson Heater Company owned a plant consisting of a foundry and machinery connected therewith at Ft. Madison, Iowa. On April 3, 1906, it sold the same to the Novelty Grey Iron Foundry Company, an Illinois corporation, for $7,000, and on April 14, 1906, the Novelty Grey Iron Foundry Company mortgaged the entire plant to Aldo Sommer for the sum of $7,000, which mortgage was duly recorded April 30, 1906. On July 2, 1906, for a named consideration of $15,000, the Novelty Grey Iron Foundry Company conveyed this plant to the Reliable Foundry & Machine Company, a corporation organized under the laws of Iowa. The latter continued the business until December 6, 1909, when it made a general assignment for the benefit of its creditors to William A. Scherfe. February 12, 1910, upon application of the petitioner Roger Brown & Co. and others, the Reliable Foundry & Machine Company was adjudged an involuntary bankrupt, and at the creditors' meeting William A. Scherfe was elected trustee. The petitioner and others filed their claims, and they were allowed. On June 23, 1910, the trustee applied for authority to sell the foundry plant free from liens. On July 29, 1910, Aldo Sommer filed a petition setting up his mortgage upon the real estate and objecting to the sale free from liens. August 1, 1910, notice was given to each of the creditors, including the petitioner, of the application to sell free from liens. August 27, 1910, a dividend was declared of 10 per cent. on all claims proved and allowed, and this was drawn by the petitioner and all it represents. On August 18, 1910, the property was ordered sold, and the amount ascertained to be then due upon the mortgage, $9,005.23, was ordered transferred from the land to the proceeds, and it was also ordered that, if the bidder at the sale was the holder of an established lien, he might have credit for the amount thereof upon his bid.

The property was duly advertised for sale at public auction on September 17, 1910. The day before the date of sale Roger Brown & Co. filed in the district court of Lee county, Iowa, their petition against Aldo Sommer and George B. Stewart, in which they alleged that the officers of the Reliable Foundry & Machine Company, including Aldo Sommer, were also managing directors and stockholders of the Novelty Grey Iron Foundry Company, and that, notwithstanding the plant was worth no more than the amount of the mortgage, they took the same over on July 2, 1906, at $15,000 subject to the mortgage; that Sommer, as president of said Reliable Foundry & Machine Company, issued its stock to the amount of $30,500 without the same being paid for, and thereby fraudulently held out to the public that the said corporation had a capital stock to the amount issued, and that the plaintiff and its assignors in reliance upon the truth of said representations extended credit and sold and delivered merchandise; that the said corporation, under the management of defendant Sommer as president, managing officer, and director, incurred indebtedness in excess of $54,397 and in excess of two-thirds of its capital stock, the limit of its authorized indebtedness under the laws of Iowa; that the defendant George B. Stewart was the attorney for said Aldo Sommer, and as such in possession of the notes and mortgage given by the Novelty Grey Iron Foundry Company to Aldo Sommer recorded April 30, 1906, and prayed that it have judgment against Aldo Sommer for a claim originally held by it and certain other claims to which it held assignments, and asked the enforcement of an equitable lien upon the notes and mortgage in question. On the morning of the 17th of September George B. Stewart filed with the referee a petition for an injunction restraining the said Roger Brown & Co. and John L. Benbow, their attorney, from proceeding further with said suit in the district court of Lee county, Iowa, in so far as it affects the proceedings of the trustee to sell said property and the right of the intervening petitioner, Aldo Sommer, to bid upon said property and apply his lien as established in said bankruptcy court in payment for the said property in case he became a successful bidder for the same, and in so far as it affects the right of said intervener to transfer said lien and the notes secured thereby. Upon the filing of this petition, an injunction was granted by the referee restraining Roger Brown & Co. and John L. Benbow, their attorney, from proceeding further with the action in the district court of Lee county in so far as it affects the proceedings of the trustee to sell said property and the right of the intervening petitioner, Aldo Sommer, to bid upon said property and apply his lien by transferring the same or otherwise in payment for said property. Later in the same day the property was sold at public auction to Harvey G. Riggs for the amount of the mortgage held by Aldo Sommer, and Riggs turned in the said notes and mortgage in payment therefor. The district judge at first refused to confirm the sale, but later, on rehearing, enjoined the prosecution of the case in the state court and confirmed the sale, and Roger Brown & Co. and John L. Benbow filed a petition for review in this court.

This proceeding is under section 24b of the Bankruptcy Act, as follows:

"The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

It will be observed that by the exact wording of the statute the relief extends only to "revise in matters of law." In re H. H. Loving, Trustee, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. ——; In re Mueller, 135 Fed. 711, 68 C. C. A. 349.

[1] The present bankruptcy law makes no express provision for sale by the trustee free of incumbrance, but it is uniformly held that he may be authorized to so sell if there are reasonable grounds for believing that more could be realized than the amount of the incumbrance. In re Union Trust Co., 122 Fed. 937, 59 C. C. A. 461; Shoe & Leather Reporter, Petitioners, 129 Fed. 588, 64 C. C. A. 156.

The equity of redemption of mortgaged property passes to the trustee, and the trustee in this case took and retained actual possession of the mortgaged property. If such property is so incumbered that nothing can be realized above the incumbrance, it is the duty of the trustee to abandon the property, but in this case the property was appraised at $15,000, and the trustee and referee both had reason to think something could be realized above the mortgage. The order of sale was not, therefore, ill advised, and it was ordered that the property be sold free from incumbrance, and the amount of the incumbrance was ascertained and ordered first paid out of the proceeds. The petitioner, Roger Brown & Co., was notified of the application to sell, and was bound by any limitation upon that order as made. The court thus acquired an incidental right to adjudicate the amount of the incumbrance and to provide that the same might be credited on the purchase price and had exercised that jurisdiction long before the action in the state court was commenced. The petitioner not only had notice of the application to sell, but the trustee, who represented it, actually appeared in the proceedings. The court had authority to make the order. In re Harralson, 179 Fed. 490, 103 C. C. A. 70, 29 L. R. A. (N. S.) 737.

[2] After the order was made Roger Brown & Co., by the suit in the state court, sought to nullify so much of the order in the bankruptcy court as provided that, if the bidder at the sale "is the holder of an established lien, such bidder may have credit for the amount thereof upon his bid." The only lien ever claimed by Roger Brown & Co. against the Aldo Sommer mortgage was the one sought to be established by the action in equity in the district court of Lee county and at the time that the order of sale was made and until within about 24 hours of the date fixed for the sale at public auction the petitioner had no lien upon the Sommer mortgage. If the court made an order for a sale free from incumbrance, this of necessity clothed it with power to make an order as to the payment of incumbrances. Chauncey v. Dyke, 119 Fed. 1, 55 C. C. A. 579.

It is contended that the referee had no power to issue the injunction, but that, if an injunction could have been issued, it must have been by the judge.

It is provided by General Orders 12, subd. 3 (89 Fed. vii, 32 C. C. A. xvi), that application for an injunction to stay proceedings of a court or officer of a state shall be heard and decided by the judge. It has been claimed that the bankruptcy act confers this authority upon the referee and the provision of the general orders is therefore void. In re Berkowitz (D. C.) 143 Fed. 598. But, aside from that question, this injunction did not stay a court or officer of a state, but left them free to proceed. It enjoined the plaintiff from prosecuting an action in the state court. Whether the provision of general orders No. 12 is valid or invalid, and whether the fact that the referee enjoined not a state court or officer but a citizen will affect the applicability of the General Orders, need not be determined, for in this case the court below upon its own motion broadened and issued the injunction anew. In re Benjamin (D. C.) 140 Fed. 320.

Nothing amounting to an error of law has been called to the attention of the court, and the petition is dismissed.