### In re FRANKLIN BREWING CO.

### Petitions of PEOPLE'S TRUST CO.

(Circuit Court of Appeals, Second Circuit. January 29, 1918.)

Nos. 68, 101.

1. BANKRUPTCY ☞262(3)—POWERS OF COURT—SALE OF PROPERTY—LIENS.

A court of bankruptcy has power to order the sale of any property of a bankrupt free of liens, and to transfer the same to the proceeds; and while it is good practice, and usual, not to order such sales unless there is a fair prospect that the proceeds will at least discharge the lien, this is not a rule of law, and in special cases, as where the validity of

---

the lien itself is in litigation, and the property is wasting while waiting decision, it is a matter within the discretion of the court to sell it and save expense.

2. BANKRUPTCY ⊚⟿262(3)—POWERS OF COURT—SALE OF PROPERTY.

A clause, in a mortgage securing bonds, giving the holders the right to bid on their bonds at any foreclosure sale, does not in any way limit the power of a court of bankruptcy to sell the property free from lien.

3. CONSTITUTIONAL LAW ⊚⟿163—IMPAIRING OBLIGATION OF CONTRACTS——BANKRUPTCY ACT.

Congress, in the exercise of its constitutional power to establish systems of bankruptcy, may, and in fact always does, impair the obligation of contracts.

4. BANKRUPTCY ⊚⟿262(1)—POWERS OF COURT—SALE OF PROPERTY.

Where the property of a bankrupt consisted of both personalty and realty, together constituting and operated as a brewery, and which had been mortgaged as such, it was error for the court to confirm a sale free of lien of the personalty only, leaving unsold the realty, which was also included in the order of sale, thus destroying the business entity of the mortgaged property.

Petitions to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the Franklin Brewing Company, bankrupt. On petitions of the People's Trust Company to review two orders of the District Court. First order affirmed, and the second reversed.

The first order directed certain property of the bankrupt to be sold free and clear of the lien of a mortgage; the second confirmed a sale (pursuant to the first order) of the mortgaged personalty, separated and sundered from the realty, the attempted sale of which was set aside. The bankrupt corporation had made a mortgage to a trustee, creating a lien upon existing and after-acquired property, which property, taking realty and personalty together, constituted a brewery. The mortgage secured a considerable issue of bonds, and contained provisions specifically authorizing holders to bid on their bonds at any foreclosure sale. When bankruptcy arose, there had been no foreclosure, nor was any suit pending therefor, the mortgaged property came into the physical possession of the receiver and (afterwards) the trustees in bankruptcy, and so remained when the orders complained of were made.

The designed effect of the lower court's procedure was to prevent foreclosure, or the use of bonds in bidding in the manner provided in the mortgage. Bondholders were offered the right to use their bonds up to a large percentage of any bid, subject to subsequent ascertainment of their validity. This they declined. Before any order made, the trustee in bankruptcy had instituted plenary suit, alleging the invalidity of the mortgage, and of all the bonds issued thereunder, praying that their nullity be decreed and the mortgaged property declared part of the estate in bankruptcy, freed of the mortgaged lien. The sale produced, as was probably expected, much less than the face of the mortgage bond. The trustee under the mortgage took these petitions.

Henry F. Cochrane, of Brooklyn, N. Y., for petitioner.
Samuel E. Maires, of Brooklyn, N. Y., for trustee in bankruptcy.
Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The questions raised as to the order for sale free and clear are suggested by the fact that when order made there was no reasonable likelihood that the mortgaged property would produce, or nearly so, the amount

---

of a lien whose validity and existence was denied. It is said that such an order was unlawful.

We have recognized the power of the court sitting in bankruptcy to sell free and clear of liens, and transfer the same to the proceeds of sale (Re Kohl-Hepp Brick Co., 176 Fed. 340, 100 C. C. A. 260; Re Haywood Wagon Co., 219 Fed. 655, 135 C. C. A. 391), agreeing with earlier considerations of the same question in the First Circuit (Re Union Trust Co., 122 Fed. 937, 59 C. C. A. 461; Re Shoe & Leather Reporter, 129 Fed. 588, 64 C. C. A. 156). It is good practice, and the usual procedure in this circuit, not to order such sales unless there is a fair prospect that the proceeds will at least discharge the lien. Cf. Re Fayetteville Wagon, etc., Co. (D. C.) 197 Fed. 180; Re Saxton Furnace Co. (D. C.) 136 Fed. 697; Re Pittelkow (D. C.) 92 Fed. 901; and (under an earlier Act) Re Taliaferro, Fed. Cas. No. 13,736.

[2] The reason, or one very good reason, for this forbearance, is that, unless more is produced by sale than the lien debt, there is nothing coming to the estate in bankruptcy; therefore the bankruptcy court does not meddle with what it can never administer. But this is not a rule of law, and where (for instance) the very existence of any lien is in litigation, and property is wasting while waiting decision, it must be matter of discretion whether or not to sell promptly and save expense. Nor does a mortgage clause giving the right to bid on bonds in any way limit the power of the court, however much it may influence its discretionary application.

[3] Congress, in the exercise of its constitutional right to establish systems of bankruptcy, may, and indeed always does, impair the obligation of contracts; a doctrine going much further than this point requires. Mitchell v. Clark, 110 U. S. at page 643, 4 Sup. Ct. 170, 312, 28 L. Ed. 279; Canada, etc., Ry. v. Gebhard, 109 U. S. at page 539, 3 Sup. Ct. 363, 27 L. Ed. 1020. Therefore we find in the order directing sale free of lien nothing unlawful, nor any abuse of discretion amounting to error of law, which is the only error available here upon a petition to revise. There was a drastic exercise of authority, but no intimation is intended that circumstances might not justify it as matter of discretion.

In Re Roger Brown & Co., 196 Fed. 758, 116 C. C. A. 386, it seems to be regarded as legal error to order sale, unless there is reasonable expectation of a surplus over lien, citing as authority the cases from the First circuit above given. No such limitation can be found in them; on the contrary, the same court held (In re Loveland, 155 Fed. 838, 84 C. C. A. 72) that bankruptcy had jurisdictional power to order such sale, without "first determining either the validity or amount of the lien." We agree with that ruling, which covers the present situation.

[4] But what was ordered to sale free of lien was what had been mortgaged, and that was a brewery, something made up of property both real and personal, and constituting a business entity, which in its entirety had been hypothecated by an agreement good until set aside by competent authority. The effect of confirming a sale of personalty and leaving the realty unsold was to destroy the brewery and (vary-

ing the expressed intent of the order of sale) substantially subtract from the mortgaged property a part only, and sell that alone. If such an order had been made in the first place, it would have been unlawful, because (if for no other reason) no conceivable discretion could have advised it under the circumstances admitted. We perceive no difference between ordering such a sale, and producing it by a partial confirmation.

The petition complaining of the order for sale is dismissed, and order approved; that assigning for error sale of personalty only is sustained, the sale set aside, and the matter remanded, with directions to proceed in any manner not inconsistent with this opinion. There will be no costs in this court.