In re JARNOL.

Petition of FISHER.

(District Court, E. D. Michigan, S. D. September 8, 1922.)

No. 4786.

1. Bankruptcy ⬤═262(3)—Court may determine rights of lien claimant in property in court's possession, and retain possession or sell, either subject to or free from alleged liens.

Where property, which belongs to and is in the possession of the bankrupt at the time of the filing of the bankruptcy petition, passes peaceably into the possession of the bankruptcy court through its officers, the court has full jurisdiction to determine the right of any person claiming a lien, and is not required to deliver property to lien claimant on claimant's reclamation petition, but may retain the property in its possession or sell it, either subject to or free from alleged liens, in which case the lien is transferred to the fund arising from the proceeds of the sale.

2. Bankruptcy ⬤═214, 327(2)—Lien claimant, asserting right to possession, may file reclamation petition, asking for possession or proceeds of sale, instead of proof of claim as a creditor.

Lien claimant, asserting the right to possession of property lawfully in the possession of the bankruptcy court, may, in order to obtain such possession, or the cash value into which such property may have been converted, file a petition asking for the delivery of the possession or proceeds of the property, and need not file a proof of claim as a creditor, secured or unsecured.

3. Courts ⬤═363, 366(14)—Validity of chattel mortgage governed by law of state in which goods were situated and mortgage was executed.

In action involving validity of chattel mortgage, the law of the state in which the goods were situated and the mortgage executed governs.

4. Chattel mortgages ⬤═196—Chattel mortgage, filed without jurat to so-called affidavit, held void as to creditors.

Where chattel mortgage for purchase price of stock of merchandise, not followed by delivery of possession to mortgagee, was filed for record with the city clerk and the register of deeds, as required by Comp. Laws Mich. 1915, § 11988, but the so-called affidavit attached to the instrument filed in the office of the city clerk, though signed by the mortgagor, did not contain any jurat signed by a notary or other officer authorized to take oaths, the mortgage was void as against creditors under such statute, prohibiting city clerk and register of deeds from accepting such instrument for filing unless affidavit is attached thereto.

5. Chattel mortgages ⬤═87—Statute requiring mortgage to be signed in office of city clerk and also in office of register of deeds, it was required to be filed in both offices.

Under Comp. Laws Mich. 1915, § 11988, requiring chattel mortgage on a stock of merchandise to be filed in the office of the township clerk of township, or city clerk of city, where goods are located, and "also" in the office of the register of deeds of county where goods are located, the filing of a mortgage in the office of the register of deeds, who had the affidavit required by such statute attached thereto, did not cure the illegal filing in the office of the city clerk of an instrument without such affidavit, since the mortgage, to comply with such statute, was required to be filed in both the office of the city clerk and that of the register of deeds.

6. Sales ⬤═21—Invalidity of purchase-money chattel mortgage did not affect validity of bill of sale.

Invalidity of purchase-money chattel mortgage did not make bill of sale void for failure of consideration.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Sales ⚖══313—Seller, who delivered possession to buyer, not entitled to vendor's lien.**

Under Comp. Laws Mich. 1915, § 11887, seller of stock of merchandise, who delivered possession thereof to buyer, was not entitled to a vendor's lien.

In Bankruptcy. In the matter of Joseph F. Jarnol, bankrupt. Petition by Osman E. Fisher to review the order of a referee denying reclamation petition. Petition for reclamation denied, and cause remanded to referees, with directions.

Wurzer & Wurzer, of Detroit, Mich., for petitioner.

Fixel & Fixel, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition by the above-named creditor of the bankrupt to review an order of one of the referees in bankruptcy for this district, denying a petition of said creditor, previously filed with said referees, seeking to reclaim the possession or proceeds of certain personal property in the possession of the bankruptcy court, on which property said petitioner claimed to have a lien, and praying also for all other relief to which he might be entitled. The certificate of the referee returned to the court with said petition is in full as follows:

"In the course of proceedings in said cause before me, the following question arose pertinent to said proceedings: Whether a mortgagee or a vendor claiming to have a lien on the assets of an estate in bankruptcy may reclaim said property. A petition for reclamation was filed in this case, reciting that petitioner held a mortgage on the property in question, which comprised all of the assets of the estate, and asking that said property be turned over to him forthwith. The contention was also made that if, for any reason, the mortgage should be held void, petitioner had the right to reclaim on the ground that he held a vendor's lien, the mortgage being a purchase-money mortgage. After hearing counsel on said petition, I dismissed the same, for the reason that, if the petitioner had either a mortgage lien or a vendor's lien, he was and is a secured creditor, entitled to the proceeds of the property in question, less the expenses of the administration of the estate in bankruptcy, and not entitled to the property itself. The case is certified to the judge for his opinion thereon."

In addition to the question thus certified by the referee, the merits of the disputed claims of petitioner concerning the validity of his asserted lien have been fully discussed and argued by the respective parties, and as sufficient testimony was taken on the hearing of said reclamation petition, as appears from the typewritten transcript thereof (returned to this court with the aforesaid petition for review and certificate), to enable the court to determine all of the questions so presented, I have concluded to follow that course. The material facts are not in dispute, and are in substance as follows:

The petition in bankruptcy herein, which was voluntary, was filed April 19, 1921. Prior to that time, and on December 6, 1920, a transaction occurred between the bankrupt and petitioner and certain other creditors, the details of which are not material here, but the result of which was the sale, on said date, by petitioner to the bankrupt of the property in question, consisting of, and described in the bill of sale

thereof as "all of the goods, wares, and merchandise composing the hardware and paint store at" certain premises in Detroit, Mich., "subject to the purchase-money chattel mortgage of even date" with said bill of sale. This merchandise was purchased for resale at retail. This bill of sale was filed in the office of the city clerk of Detroit, but not in the office of the register of deeds of Wayne county, in which county the city of Detroit is located. On the same day that the bill of sale was executed, the bankrupt executed and delivered to the petitioner the chattel mortgage just mentioned, to secure payment of the purchase price of said property. On the back of said chattel mortgage was written, over the signature of the mortgagor, language sufficient to constitute (if it had been properly subscribed, sworn to, and attested) the affidavit required by the Michigan statute to be annexed to such a mortgage before the filing thereof for public record. Said so-called "affidavit," although signed by the affiant, did not contain any jurat, signed by a notary public or other officer authorized to take oaths, and is not claimed to have been sworn to before any such officer before being filed in the office of the city clerk.

This mortgage was, however, in the condition just described, filed for record in the office of the city clerk of said city of Detroit on January 7, 1921, being received and filed by said clerk in disregard of the prohibitions of the Michigan statute. The bankrupt was in actual possession of said property from prior to the time of the execution of said mortgage continuously up to the time of the filing of his petition in bankruptcy, when such possession was delivered to the bankruptcy court, under whose order it was subsequently sold by the trustee. The sale has been confirmed, and the purchaser at the judicial sale has paid therefor and is now in possession of the property. The execution of said mortgage was not accompanied by any delivery of the property to the mortgagee, nor followed by any change of possession of the mortgaged property, except to and by the bankruptcy court as above mentioned. A duplicate of said chattel mortgage was later, but prior to any of the bankruptcy proceedings, duly filed for record, with a proper affidavit and jurat annexed thereto, in the office of the register of deeds for Wayne county. At the time of the filing of the bankruptcy petition herein, April 19, 1921, the chattel mortgage was past due, and the bankrupt had been in default under said chattel mortgage since December 13, 1920; but at no time from said last-mentioned date until the bankruptcy sale of said property was such mortgage forclosed, nor has any attempt ever been made to so foreclose, or to obtain possession of such property, except through the filing of the aforesaid so-called reclamation petition. No preference nor fraudulent act or intent on the part of either the petitioner or the bankrupt existed.

It is stated by petitioner in his brief, and not disputed by the trustee, that "two questions are presented by the record to this court for decision," as follows:

"(1) Was the petition for reclamation the proper procedure for petitioner, under the presumption that he had a valid claim or vendor's lien against the property?

"(2) Has the petitioner a valid claim or vendor's lien against the property in question, or the fund which has now taken its place?"

[1] 1. It is familiar law that where, as here, property belonging to, and in the possession of, the bankrupt at the time of the filing of the bankruptcy petition, passes peaceably into the possession of the bankruptcy court through its officers, such court has full jurisdiction to determine the right of any person, such as the present petitioner, claiming a lien on such property. It follows necessarily that the bankruptcy court has jurisdiction and power to retain in its possession, and even to sell, either subject to or free and clear from alleged liens thereon, said property, if such a course be deemed by it to be for the best interests of creditors of the bankrupt and to the greatest advantage of the administration of the bankrupt estate. Any lien then or thereafter held by the court to attach to such property is transferred to the fund arising from the proceeds of the sale thereof. In re Oconee Milling Co. (C. C. A. 5) 109 Fed. 866, 48 C. C. A. 703; In re Loveland (C. C. A. 1) 155 Fed. 838, 84 C. C. A. 72; In re Franklin Brewing Co. (C. C. A. 2) 249 Fed. 333, 161 C. C. A. 341; In re Diamond's Estate (C. C. A. 6) 259 Fed. 70, 170 C. C. A. 138.

[2] Any claimant, such as this petitioner, asserting the right to possession of property which is, as here, lawfully in the possession of the bankruptcy court, may, in order to obtain such possession, or the cash into which such property may have been converted, file in such court a petition (usually, as here, called a reclamation petition) asking for the delivery to him of the possession or proceeds of the property sought, and need not file a proof of claim as a creditor, secured or unsecured. In re Oconee Milling Co., supra; In re Goldsmith (D. C.) 118 Fed. 763; Ward v. First National Bank (C. C. A. 6) 202 Fed. 609, 120 C. C. A. 655; Courtney v. Fidelity Trust Co. (C. C. A. 6) 219 Fed. 57, 134 C. C. A. 595; Gealey v. South Side Trust Co. (C. C. A. 3) 249 Fed. 189, 161 C. C. A. 225.

Applying these principles to the present case, petitioner is not entitled to hold or control such possession, except by order of such court, in whose custody said property remains, subject to its jurisdiction to determine the validity of all claims and liens asserted by petitioner or any other claimant against such property or its proceeds. Ward v. First National Bank, supra; In re Diamond's Estate, supra; In re Brose (C. C. A. 2) 254 Fed. 664, 166 C. C. A. 162.

2. Coming to consider the merits of the claim of petitioner, Was the chattel mortgage held by him at the time of the filing of the bankruptcy petition valid and enforceable as against the creditors of the mortgagor, who are here represented in law by the trustee in bankruptcy? Section 11988 of the Michigan Compiled Laws of 1915, contains the following provisions:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the township clerk of the township, or city clerk of the city, * * * where the goods or chattels are located, * * * and unless the mortgagor named in such mortgage or conveyance intended to operate as a mortgage, or some person for him having knowledge of the facts shall, before

the filing of the same, make and annex thereto an affidavit setting forth that the consideration of said instrument was actual and adequate, and that the same was given in good faith for the purposes in such instrument set forth. No officer shall receive such instrument or file the same in his office until such affidavit is made and annexed thereto: * * * Provided, further, that when such mortgage or other conveyance intended to operate as a mortgage is given upon a stock of merchandise or merchandise and fixtures or any part thereof purchased for resale at retail then such instrument or a true copy thereof, and of the affidavit thereto attached shall also be filed in the office of the register of deeds of the county where the goods and chattels are located."

[3, 4] As the chattel mortgage in question was not accompanied by the delivery, nor followed by the change of possession, mentioned in this statute, such mortgage was required to be filed for record in accordance with the provisions of said statute. It will be observed that under said provisions no such mortgage can be filed with, nor received by, the recording officer unless and until the prescribed affidavit be "made and annexed thereto." It is settled law in Michigan, which must be followed in this case (In re American Steel Supply Syndicate, Inc. [D. C.] 256 Fed. 876), that a blank jurat, which is not signed by a notary or other officer having the same authority, and which does not show on its face who administered the oath or that any oath was administered, is a nullity, and insufficient, when annexed to a chattel mortgage, to entitle the latter to be filed for record (People v. Burns, 161 Mich. 169, 125 N. W. 740, 137 Am. St. Rep. 466). It is therefore clear that this chattel mortgage was not filed for record as required by law, and is void as against the creditors of the bankrupt, and as against the trustee in bankruptcy.

[5] It is suggested by petitioner that, even if the chattel mortgage mentioned should be held to have been illegally filed in the office of the city clerk in question, yet as said mortgage, with the statutory affidavit attached, was duly filed in the office of the register of deeds of the proper county, any legal defect in respect to the filing thereof in the office of said city clerk was thereby cured. Such an argument ignores the language of the final clause of the statute, under which this mortgage was required to be filed in the last-mentioned office, which language provides that the mortgage therein referred to shall "also" be filed in said office. Obviously this is not a substitute for, but an addition to, the requirement thereinbefore prescribed.

It is contended by petitioner that the bill of sale from him to the bankrupt recited that it was "subject to the purchase-money chattel mortgage of even date"; therefore "the two instruments must be construed and taken as one," and it seems to be supposed that the filing of said bill of sale with the city clerk rendered unnecessary the filing of the chattel mortgage referred to in said bill of sale. I am unable to follow the reasoning or to agree with the contention based thereon. The bill of sale was not a chattel mortgage, nor a "conveyance intended to operate as a mortgage," but was intended to be, and was, an instrument of absolute conveyance of the legal title to the property in question. Surely the mere recital, in a deed or other grant of absolute title, that it is "subject to" a certain specified mortgage, cannot give to such grant, intended to operate as a pure conveyance, and not

as security, the character of a mortgage, nor merge it with an actual mortgage to which it refers. The argument refutes itself. Furthermore, if the bill of sale could be construed to be the chattel mortgage which it mentions, it would be equally void, because not shown to have been filed in the office of the register of deeds, as is required by the Michigan statute to validate a chattel mortgage upon merchandise purchased for resale at retail.

[6] The contention that, "if the purchase-money chattel mortgage be held void, then the bill of sale must also be held void for a failure of consideration, and the title to the property still remains in the petitioner," is without merit. A lien securing a debt manifestly forms no part of such debt, and so the invalidity of the former does not affect the validity or enforceability of the latter.

[7] Petitioner's contention that, regardless of his chattel mortgage lien, he is entitled to a "vendor's lien," is disposed of by the fact that he delivered to the latter the right to possession of such property so sold, and the bankrupt lawfully obtained possession thereof, which he afterwards surrendered to the bankruptcy court. Any unpaid seller's lien formerly held by petitioner was lost by reason of the conduct of the petitioner just mentioned, under section 56 of the Uniform Sales Act, being section 11887 of the Michigan Compiled Laws of 1915, which provides as follows:

"(1) The unpaid seller of goods loses his lien thereon:

"(a) When he delivers the goods to a carrier or other bailee for the purpose of transmission to the buyer without reserving the property in the goods or the right to the possession thereof.

"(b) When the buyer or his agent lawfully obtains possession of the goods.

"(c) By waiver thereof."

The prayer of petitioner for reclamation of the property or its proceeds must be denied, without prejudice to his rights as a general unsecured creditor. An order will be entered, remanding the cause to the referees for further proceedings not inconsistent with the terms of this opinion.