**Petition of EDDY. PARKER et al. v. EDDY. In re ROBERT FORSYTH & SON.**

(Circuit Court of Appeals, First Circuit. June 12, 1925.)

Nos. 1798, 1835.

1. **Bankruptcy ☞100(1) — Adjudication held not to include bankrupt in his character of trustee.**

An allegation in a petition against a business concern named that it is composed of A., personally and as executor and trustee under a will, is not an allegation of partnership, but the petition is in effect one against A. alone, and an adjudication thereon affects only A. individually, and not the trust estate.

2. **Trusts ☞210—Contracts by trustee bind him personally.**

Ordinarily, in the absence of special limitations, trustees bind themselves personally by their contracts, and not the trust estate.

3. **Bankruptcy ☞262(3)—Court cannot order sale of property in which adverse claimant has an interest.**

The bankruptcy court cannot order the sale free of incumbrance of real estate in which an adverse claimant has an interest, which can only be determined by a plenary suit in equity.

Petition to Revise and Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

In the matter of Robert Forsyth & Son, bankrupts. On petition to revise by Robert F. Eddy, and appeal by George B. Parker, trustee, and others, from an order of the District Court; Clarence E. Eddy and others, appellees. Orders affirmed.

Harvey H. Pratt, of Boston, Mass., and Archibald Matteson and James Shepard, both of Providence, R. I. (Curtis, Matteson, Boss & Letts, of Providence, R. I., on the brief), for respondents and appellants.

Philip B. Buzzell, of Boston, Mass., and Henry C. Hart, of Providence, R. I. (Arthur G. Mitton and Hemenway & Barnes, all of Boston, Mass., and Hoyt W. Lark and Green, Curran & Hart, all of Providence, R. I., on the brief), for petitioner and appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. These two cases, heard together, relate to the same bankruptcy estate.

Robert Forsyth, who, prior to his death on December 21, 1912, was individually carrying on business in Centerville, R. I., under the name and style of Robert Forsyth & Son, provided by his will as follows:

"Eighth. I give, devise and bequeath my mill estate, including all buildings and land now used by me in connection with said estate and the business and all stock and fixtures connected with said business, to my son-in-law, the aforesaid Clarence E. Eddy, and to my grandson Robert F. Eddy, equally, share and share alike, to them, their heirs and assigns forever. But until my said grandson shall arrive at the age of twenty-five years he shall not take or have under this will the legal possession of his share of said property, and until that time my grandson's said interest is hereby placed in the control and custody of his father, the said Clarence E. Eddy, but in trust for said Robert F. Eddy. Should my said grandson die before his twenty-fifth year without leaving lawful issue then his said interest shall go to and become the property of his two sisters Hope F. Eddy and Ruth Randall Eddy, equally, share and share alike.

"Knowing that my said business is more than self-sustaining, and desiring to perpetuate said business for the benefit of those mentioned in this will, I hereby make it a condition of this devise and bequest that no mortgage shall be placed upon said mill estate by my said son-in-law in his own behalf or in behalf of my said grandson until said grandson shall have reached the aforesaid age of twenty-five years. * * *

"Eleventh. All the rest, residue and remainder of my estate I give, devise and bequeath to my said son-in-law Clarence E. Eddy, and to my said grandson Robert F. Eddy, equally, share and share alike.

"Twelfth. I hereby nominate and appoint my said son-in-law Clarence E. Eddy, sole executor of this will, and I hereby direct that he be not required to furnish any bond or return any inventory of my estate."

Clarence E. Eddy carried on this business under the same name and style of Robert Forsyth & Son, from 1912 until February, 1921, when he made an assignment for the benefit of creditors, which, however, was not recorded in the town clerk's office until July 7, 1923. A creditor's petition was filed on July 10, 1923, setting forth that "Robert Forsyth & Son, * * * composed of Clarence E. Eddy personally and as he is executor and trustee under the will of Robert Forsyth; * * * that your petitioners are creditors of said Robert Forsyth & Son, * * * that said Robert Forsyth & Son is insolvent, and that within four months next preceding the date of this petition * * * he did * * * make a general assignment for the benefit of its creditors; wherefore, your petitioners pray that service of this petition * * * may be made upon Robert Forsyth & Son * * * and that he may be adjudged * * * bankrupt."

On this petition there was an adjudication on June 17, 1924. But this adjudication is entitled "In Bankruptcy—In the Matter of Robert Forsyth & Son, Bankrupt," and recites that "the said Robert Forsyth & Son is hereby declared and adjudged a bankrupt accordingly." Clarence E. Eddy is not mentioned in the adjudication.

[1] On August 1, 1924, Robert F. Eddy filed in the bankruptcy court a petition to have the adjudication vacated, setting up that he lived in Brookline, Mass.; that a trustee in bankruptcy had taken possession of the alleged assets, and was carrying on the business of the bankrupt; that a petition for the sale of such assets would shortly be in order for a hearing; that under the provisions in his grandfather's will, supra, he had an equitable interest in the "mill estate" thus taken possession of by said trustee; that Clarence E. Eddy had not accounted for the use and occupation of said mill estate, or for the residue of the estate; and that the petitioner was therefore a creditor of said Clarence E. Eddy, and a creditor of said alleged bankrupt Clarence E. Eddy, as executor and

trustee under the will of Robert Forsyth; that the creditors' petition did not set forth jurisdictional facts required under the Bankruptcy Act (Comp. St. §§ 9585–9656); and that the alleged adjudication was therefore void.

In the District Court this petition was denied October 6, 1924, the court holding, in an oral opinion, as follows:

"The court is of the opinion that there is no partnership alleged, and that the only person who is adjudged bankrupt is Clarence E. Eddy; that the statement in the petition, 'as he is executor and trustee under the will of Robert Forsyth,' does not amount to an allegation of any copartnership, and does not justify a contention that as executor or as trustee he has been adjudicated a bankrupt. The adjudication of Robert Forsyth & Son is in effect adjudication of Clarence E. Eddy, personally. The allegations that he is executor and trustee under the will of Robert Forsyth may be relevant under the question of ownership, but they in no wise amount to an adjudication as a bankrupt of an executor and trustee. I see no reason why the adjudication should not stand as an adjudication of Clarence E. Eddy, individually, as a bankrupt, and the petition to vacate the adjudication is denied."

The petition to revise in No. 1798 challenges the correctness of this decision.

After this decision, the trustee in bankruptcy, on October 24, 1924, filed a petition for leave to sell all real and personal assets of said bankrupt free and clear of liens. This is No. 1835. This petition was obviously construed by the parties and the court below as involving an attempt to sell the entire mill estate, free and clear from any lien or other equitable right of Robert F. Eddy.

The referee denied the petition.

In the referee's certificate to the judge, it appears that Robert F. Eddy had not, on November 28, 1924, arrived at the age of 25 years (counsel state that he was born in 1900); that Clarence E. Eddy, trustee under the will of Robert Forsyth for Robert F. Eddy, had resigned; and that Henry C. Hart had been duly appointed trustee under said will, and claimed that legal title to one-half of the mill property, referred to in the eighth clause of Robert Forsyth's will, belonged to him as trustee for said Robert. The court affirmed the decision of the referee. The trustee in bankruptcy and various creditors of the bankrupt thereupon appealed to this court.

In both cases the decisions below were right and must be affirmed. Most of the learned discussion contained in the briefs and presented by oral argument is inapplicable to this situation, when the facts are adequately analyzed and their significance correctly understood. It is clear that while Eddy, Sr., carried on business under the name and style of Robert Forsyth & Son, his contracts were personal contracts. There is, on the record before us, nothing to indicate that creditors contracting with him agreed to limit his liability to any particular estate or trust res. He was not doing business as an impersonal entity. He had no legal status, like that of a Massachusetts trust or an unincorporated company. Compare Hussey v. Arnold, 185 Mass. 202, 70 N. E. 87. The fact that he was executor and trustee was, so far as his contractual relations to creditors are concerned, immaterial.

[2] The language of Knowlton, C. J., in Hussey v. Arnold, supra, at p. 203 (70 N. E. 87), is applicable:

"Ordinarily, in the absence of special limitations, trustees bind themselves personally by their contracts with third persons. Actions at law upon such contracts must be brought against them, and judgments run against them personally. This is because the relations of the cestuis que trust to their contracts are only equitable, and do not subject them to proceedings in a court of common law, and the property held in trust is charged with equities which hold it aloof from the jurisdiction of a court of law to take it and apply it in payment of debts created by the trustees. Such debts, if proper charges upon the trust estate, can be paid from it under the authority of a court of equity."

Compare, also, Williams v. Milton, 215 Mass. 1, 102 N. E. 355, and cases cited; Dana v. Treasurer, 227 Mass. 562, 116 N. E. 241; Malley v. Howard (C. C. A.), 281 F. 363, 370 et seq.; Gallagher et al. v. Hannigan, Trustee, 5 F.(2d) 171, decided by this court on May 8, 1925.

The legal situation is not different than if Clarence E. Eddy had been adjudicated a bankrupt on his own petition. This he might have had done, for he was personally liable for all the debts incurred by him in carrying on business under the name and style of Robert Forsyth & Son. Creditors had a like right to avail themselves of all the benefits of the Bankruptcy Act, including the preference voiding provisions thereof. What right Clarence E. Eddy may have had to use property belonging in law or in equity to his son Robert is another question, not arising on this record. Clearly the trustee in bankruptcy can, by appropriate proceedings, marshal

or recover all the assets belonging to the bankrupt estate of Clarence E. Eddy.

There is no merit in the contention that there was a partnership between Clarence E. Eddy individually and Clarence E. Eddy as executor and trustee under the will of Robert Forsyth, or between Clarence E. Eddy and his minor son Robert. No such partnership could, as matter of law, exist, nor was it created by the will of Robert Forsyth. Compare the Imbrie case, Brooks v. Smith (C. C. A.) 290 F. 33, and cases cited on page 42, for a discussion of the requisites of a partnership.

It follows that the court below was right in construing the petition as alleging no partnership. While the allegation that "Richard Forsyth & Son, ° ° * composed of Clarence E. Eddy personally and as he is executor and trustee under the will of Robert Forsyth, ° ° * " is a technically inaccurate description of Clarence E. Eddy, doing business under the name and style of Robert Forsyth & Son, we think that the court below was correct in holding the petition not jurisdictionally defective. But the adjudication should be amended, so as to show, as of record, that the real bankrupt adjudicated is Clarence E. Eddy, doing business as Robert Forsyth & Son.

[3] The petition of the trustee in bankruptcy to sell the mill property free and clear from any lien or other right of Robert F. Eddy was also properly denied. Robert F. Eddy or his trustee is an adverse claimant of a half interest in this property. The case falls under the principles stated by this court in the Flynn Case (C. C. A.), 300 F. 693, following the rulings of the Supreme Court in Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898, and Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770.

The rule that the bankruptcy court may order a sale of bankruptcy assets in the possession of the trustee, free and clear from liens, remitting lienors to their rights against the proceeds (In re National Boat & Engine Co. [D. C.] 216 F. 208; In re New England Piano Co., 122 F. 937, 59 C. C. A. 461; Shoe & Leather Reporter et al., Petitioners, 129 F. 588, 64 C. C. A. 156; In re Littlefield, 155 F. 838, 84 C. C. A. 72), is not applicable to this situation.

On this record, the court cannot determine to what extent property or rights of Robert F. Eddy, derived, under the will, from his grandfather's estate, have been if they can be subjected to the claims of creditors, and are therefore to be marshaled as a part of the bankruptcy estate. Those questions can only be determined on a plenary suit by the trustee in bankruptcy against Robert F. Eddy (or Hart, the new trustee appointed under the will of Robert Forsyth).

Nor on this record can the court determine what rights, if any, Robert F. Eddy may have as creditor against the bankruptcy estate. But we see no reason why any provable claim of Robert F. Eddy's growing out of the bankrupt's administration of his grandfather's estate cannot be filed and properly dealt with in the bankruptcy court.

In each case the decree of the District Court is affirmed, with costs.