### In re KNOX AUTOMOBILE CO.

(District Court, D. Massachusetts. November 12, 1913.)

#### No. 19,064.

**1.** BANKRUPTCY (§ 228*)—ADMINISTRATION OF ESTATE—PRIVATE SALE OF ASSETS.

The discretionary power of the referee to direct a private sale of a bankrupt's estate will not be disturbed unless it appears to have been improvidently exercised, especially where the referee reports that he has entire confidence in the ability and impartiality of the trustee, and believes it to be for the best interests of the estate that he be hampered as little as possible in disposing of the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

**2.** BANKRUPTCY (§ 262*) — ADMINISTRATION OF ESTATES — SALE OF ASSETS — "SPECIFIED PORTION."

Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), provides that trustees shall collect and reduce to money the property of the estates for which they are trustees, under direction of the court, and close such estates as expeditiously as is compatible with the best interests of the parties in interest. General Order XVIII, subd. 2,† declares that on application to the court, and for good cause shown, the trustee may be authorized to sell any specified portion of a bankrupt's estate at private sale. *Held*, that the words "any specified portion" should be construed to mean such portion of the estate as was specified in the petition and order for sale, and hence did not prevent the referee from authorizing the trustee to sell all the bankrupt's property at private sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† 89 Fed. viii, 32 C. C. A. xx.

In Bankruptcy. In the matter of bankruptcy proceedings of the Knox Automobile Company. On petition to review an order authorizing the trustee to sell all the property of the bankrupt at private sale, without notice to creditors or prior approval of the court. Affirmed.

Tyler, Corneau & Eames, of Boston, Mass., for objecting creditors.

Charles G. Gardner, of Springfield, Mass., pro se.

MORTON, District Judge. This is a petition to review an order of the referee authorizing the trustee in bankruptcy to sell all the property of the bankrupt at private sale without notice to the creditors or prior approval of the court. The order also authorizes the trustee to sell at public auction, but to that part of it no objection is made. The property has been appraised at $1,682,000. The total indebtedness is about $1,265,000.

The order is objected to upon the grounds: (1) That it leaves too much to the discretion of the trustee, and (2) that it authorizes the sale of all the property and estate of the bankrupt, which it is said cannot be done under General Order XVIII.

[1] As to (1):

"The discretionary power of the referee directing a private sale of a bankrupt estate ought not to be disturbed unless it clearly appears to have been improvidently exercised." Re Hawkins (D. C.) 125 Fed. 633.

The referee reports that he has entire confidence in the ability and impartiality of the trustee and believes it to be for the best interests of the estate that the trustee should be hampered as little as possible in disposing of the property. I see no reason to disagree with this conclusion. Some fear was expressed lest the trustee should sell the property without giving certain creditors and stockholders sufficient opportunity to buy. The trustee expressly disclaimed any such thought or intention. I have no doubt that he intends to use every reasonable effort to get the highest possible price for the property, and I agree with the referee that he will be in a better position if not hampered by formal orders as to what he shall do.

[2] As to (2): Section 47 of the Bankruptcy Act, relating to the duties of trustees, provides:

"That trustees shall respectively * * * (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest."

General Order XVIII (89 Fed. viii, 32 C. C. A. xx) provides:

"(1) All sales shall be by public auction unless otherwise ordered by the court.

"(2) Upon application to the court, and for good cause shown, the trustee may be authorized to sell any specified portion of the bankrupt's estate at private sale. * * *

"(3) Upon petition by a bankrupt, creditor, receiver, or trustee, setting forth that a part or the whole of the bankrupt's estate is perishable, the nature and location of such perishable estate, and that there will be a loss if the same is not sold immediately, the court, if satisfied of the facts stated and that the sale is required in the interest of the estate, may order the same to be sold, with or without notice to the creditors, and the proceeds to be deposited in court."

In the official form of petition for private sale, the words "a certain portion of said estate, to wit," are used. This is also true of form 42, relating to auction sales of real estate. In the notice of proposed sale, form 177, the language is, "To consider a proposed sale of the following described property."

It has been the practice in this district, ever since the Bankruptcy Act went into effect, to make orders authorizing the sale of all the property of a bankrupt in substantially the same form as that made by the referee in this case. So far as I am aware, no question has ever been raised as to the legality of such orders prior to the present proceedings. The sale of all the assets is frequently the most convenient and advantageous way to liquidate a bankrupt estate, especially when a going business is disposed of. The words in General Order XVIII, "any specified portion of the bankrupt's estate," have been taken to mean such portion thereof as was specified in the petition and order for sale. This accepted construction, which has been acted on by this court in many cases and for many years, is entitled to great weight. It is certainly a reasonable interpretation of the order in question, and it is plainly my duty to adhere to it.

Order of the referee affirmed.