### In re MERRITT CONST. CO.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

#### No. 88.

1. BANKRUPTCY ⬅➡126—TRUSTEE—APPROVAL.

Under Bankruptcy Act July 1, 1898, c. 541, § 45, 30 Stat. 557 (Comp. St. 1913, § 9629), providing that trustees may be individuals who are re- spectively competent to perform the duties of the office, and General Or- der 13 (89 Fed. vii, 32 C. C. A. xvii), providing that the appointment of a trustee by the creditor shall be subject to the approval or disapproval of the district judge, the approval of the trustee selected by the creditors by either the referee or district judge is a matter of discretion, but the choice of the creditors should not be overruled except for substantial rea- sons.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⬅➡126.]

2. BANKRUPTCY ⬅➡446—REVISION—APPROVAL OF TRUSTEE.

Where a trustee selected by the creditor has been approved by the dis- trict judge, the appointment will not be disturbed by the Circuit Court of Appeals on petition to revise, unless an abuse of discretion appears.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⬅➡446.]

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. Bankruptcy ⊘➝126—Appointment of Trustee—Approval—Hearing.

While ordinarily a request by a creditor to present evidence of the unfitness of the trustee selected by the majority of the creditors should be allowed, it is not an abuse of the district judge's discretion to refuse such request, where the circumstances of the trustee's unfitness were fully brought out at the creditors' meeting and the objecting creditors did not indicate that they had any new objection to present.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⊘➝126.]

4. Bankruptcy ⊘➝120—Trustee—Officer of Corporation.

A stockholder or officer of a bankrupt corporation is not, ipso facto, incompetent to act as its trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 185; Dec. Dig. ⊘➝120.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

A. R. Campbell, of New York City, for petitioners.

I. J. Beaudrias, of Yonkers, N. Y., for respondent.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of the District Court approving the election of one Hayes as trustee. The bankrupt was a corporation engaged in the construction of roads. Its capital was practically owned by two persons, viz., one Merritt, the president, who was in charge of the office and finances, and Hayes, who was the outside man in charge of construction work.

October 20, 1913, Merritt, who had also been for many years supervisor of the town of Eastchester, disappeared, leaving a large shortage in his accounts. November 11th Hayes was appointed receiver in dissolution proceedings in the state court. December 4th an involuntary petition in bankruptcy was filed. December 17th the corporation was adjudicated a bankrupt. On the same day Hayes circularized the creditors to the effect that he desired to finish an outstanding contract of the corporation on which he had been engaged, and asking them to vote for him as trustee. January 21, 1914, the first meeting of creditors was held and Hayes was examined by counsel for minority creditors as to his connection with the corporation and as to various circumstances thought to render him incompetent to act as trustee. Thereafter Hayes and one Baird were nominated, and Hayes was appointed trustee by a large majority of the creditors in number and amount. The attorney for the minority creditors asked the referee to disapprove the appointment and to permit him to present evidence on the subject which the referee denied, and confirmed the appointment. Upon a petition to review, the District Judge confirmed the order of the referee.

[1, 2] Section 45 of the Bankruptcy Act provides that trustees may be individuals who are respectively competent to perform the duties of the office and reside in or have an office in the judicial district in which they are appointed. General Order xiii (89 Fed. vii, 32 C. C. A. xvii) provides that the appointment of a trustee by the creditors shall be subject to the approval or disapproval of the District Judge. The ap-

proval by the referee and District Judge of the appointment of a trustee by the creditors is a matter of discretion, depending upon the circumstances of each case. The choice of the creditors should not be overruled by the referee or District Judge except for substantial reasons, and the confirmation by the District Judge of such appointment should not be disturbed by this court unless an abuse of discretion appear.

[3] Ordinarily a request for leave to present evidence within a reasonable time, as to the fitness of the trustee appointed by the creditors, should be allowed. In this case, however, the circumstances tending to show the propriety or impropriety of the choice of Hayes were very fully brought out at the first meeting of creditors. Counsel for the minority creditors in asking to take further proof did not indicate any objections not already made. We see no abuse of discretion in refusing the request.

[4] As to the confirmation of the appointment by the referee and District Judge, we attach but little importance to the objections made. We do not assent to the proposition that a stockholder or officer of a corporation is, ipso facto, not competent to act as trustee in bankruptcy of such corporation. As it is asserted in the brief and not denied that the affairs of the bankrupt have been practically wound up, and its contracts, as far as possible, have been completed, it is not worth while, in the absence of any charges of bad faith or mismanagement on the part of the trustee, to discuss other objections made.

The order is affirmed.