WILSON et al. v. CONTINENTAL BUILDING & LOAN ASS'N et al.

(Circuit Court of Appeals, Ninth Circuit. May 15, 1916.)

No. 2685.

1. BANKRUPTCY ⊕=126—TRUSTEE—SELECTION.
    Under General Order 13 (89 Fed. vii, 32 C. C. A. xvii), providing that the selection of a trustee by the creditors is subject to approval or disapproval by the referee, the referee cannot exercise the discretion conferred arbitrarily.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⊕=126.]

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⊚⟶446—REVIEW—FINDING OF REFEREE.

A finding of fact by referee in bankruptcy, approved by the District Court, will be upheld on review, if supported by any substantial evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⊚⟶446.]

3. BANKRUPTCY ⊚⟶120—TRUSTEE—SELECTION.

As a trustee under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, and the General Orders may be called upon to sue to set aside transfers, to compel persons to account for property belonging to the bankrupt estate, etc., a trust company, which was trustee of mortgages belonging to the bankrupt, and which was intimately associated with the bankrupt's business, should not be appointed trustee, for the company might be compelled to assume inconsistent positions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 185; Dec. Dig. ⊚⟶120.]

4. BANKRUPTCY ⊚⟶446—REVIEW—DISCRETION OF REFEREE.

As the approval or disapproval of a trustee in bankruptcy is discretionary with the referee, the exercise of his discretion will not be reviewed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⊚⟶446.]

Petition for Revision of an Order of the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

In the matter of the bankruptcy of the Continental Building & Loan Association, a corporation. Petition by W. L. Wilson and others for revision of an order of the District Court (232 Fed. 413), affirming an order of the referee disapproving the selection of a trustee. Order affirmed.

B. M. Aikins, of San Francisco, Cal., for petitioners.

Heller, Powers & Ehrman, Hugo D. Newhouse, and Reuben G. Hunt, all of San Francisco, Cal., for respondents.

Nat Schmulowitz, of San Francisco, Cal., for bankrupt.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The Continental Building & Loan Association, a building and loan association formed under the laws of the state of California, filed a petition in voluntary bankruptcy, and on August 9, 1915, was adjudged a bankrupt. In its petition the corporation set forth that it owed debts which it was unable to pay in full, and accompanied the petition with a schedule in which it named its stockholders as creditors. The District Court referred the matter to A. B. Kreft, Esq., referee in bankruptcy.

The first meeting of creditors was held on August 30, 1915. A large number of the stockholders, creditors, appeared, and elected T. C. Tognazzi trustee. The referee disapproved of the selection, basing his disapproval upon the ground that "the choice of Mr. Tognazzi had been influenced by the acts of the officers and attorneys connected with the bankrupt corporation." Thereupon the matter was continued until September 15, 1915, when a new election was held and the Anglo-California Trust Company was elected trustee over two other candidates whose names were presented. At this meeting the referee declined to allow directors, officers, and attor-

neys of the bankrupt to participate in the election of a trustee. The Anglo-California Trust Company had the support of 403 claimants, whose claims aggregated about $320,437; the next highest candidate for trustee, the Union Trust Company, had claimants whose claims represented $140,000; and the third candidate, Mr. Williams, was supported by 107 claims, aggregating $62,000. The only claimants who voted were shareholders of the bankrupt corporation.

Counsel representing the claimants who voted for the two unsuccessful candidates at once objected to the election of the Anglo-California Trust Company upon two grounds: (1) That that company was the depositary of the bankrupt, and had acted as trustee in its deeds of trust; (2) that its election was brought about by activity on the part of officers, directors, and attorneys of the bankrupt. The referee heard evidence upon these issues and disapproved of the selection. In the course of his opinion the referee states it to be the fact that the Anglo-California Trust Company is trustee under many deeds of trust for the Continental Building & Loan Association. He added:

"I would be pleased to have the creditors herein select as trustee a financial institution of equal standing with the Anglo-California Trust Company, but because of its relations with the bankrupt, and the association with it of attorney of the bankrupt, it is my opinion that it should not be the trustee herein."

And later he expresses the opinion that:

"The evidence shows that the officers and attorneys of the bankrupt have dictated the steps leading up to the choice of the Anglo-California Trust Company and evidences a determination on their part to control the administration of this estate in this court."

And in support of this he incorporates much of the evidence heard before him, which tends to show intimacy of association between one or more of the attorneys for the bankrupt association and the Anglo-California Trust Company.

Thereafter the petitioners herein, creditors, filed a petition for a review of the referee's order, and the referee filed his certificate on petition to review. The District Court affirmed the action of the referee in disapproving of the selection, upon the ground that the choice had been influenced, if not brought about, by the officers and attorneys of the bankrupt, whereupon the order denying the petition was brought before this court for review.

The petitioners rely upon 13 assignments of error, based substantially upon the following grounds: That the Anglo-California Trust Company was not disqualified by reason of any relationship it bore to the bankrupt, and that the election of the Anglo-California Trust Company was not brought about by any activity on the part of the officers, directors, or attorneys of the bankrupt, and that there was no evidence that any activity on the part of such persons influenced any of the creditors to vote for the Anglo-California Trust Company, and that it was an abuse of discretion on the part of the referee to disapprove of the selection of the Anglo-California Trust Company.

[1] The petitioners invoke the general right of the creditors to appoint a trustee of the bankrupt estate, and while admitting that the appointment is, by General Order 13 (89 Fed. vii, 32 C. C. A. xvii), subject to approval or disapproval by the referee, they argue that action by the referee is not to be exercised arbitrarily, but only for cause. There can be no dispute over this general rule. All must agree that the vital interest which creditors have in the preservation and wise management of the estate of the bankrupt must, as a general rule, make them the best judges of who shall be appointed as trustee, and their selection cannot be arbitrarily ignored. But the Supreme Court, in the exercise of its power to make general orders in bankruptcy, foresaw that instances might arise where, notwithstanding the desire of the creditors for the selection of some particular person as trustee, the best interests of the estate would not be served by allowing such choice to stand, and they reserved a supervisory power in the referee or judge.

[2] We must therefore inquire whether the referee and the District Court had before them substantial evidence that the relations between the bankrupt and the Anglo-California Trust Company were such as to justify the referee in disapproving of it as trustee, or whether the selection was accomplished through the efforts of the officers and attorneys of the bankrupt. If there is substantial evidence upon either of these points, this court will not interfere upon a petition to revise. In Ohio Valley Bank Company v. Mack et al., 163 Fed. 155, 89 C. C. A. 605, 24 L. R. A. (N. S.) 184, Judge Lurton, for the Court of Appeals of the Sixth Circuit, said:

"No arbitrary rule can be laid down for determining the weight which should be attached to a finding of fact by a bankrupt referee. His position and duties are analogous, however, to those of a special master directed to take evidence and report his conclusions, and the rule applicable to a review of a referee's finding of fact must be substantially that applicable to a master's report. * * * Much in both cases must depend upon the character of the finding. If it be a deduction from established fact, the finding would not carry any great weight, for the judge, having the same facts, may as well draw inferences or deduce a conclusion as the referee. But if the finding is based upon conflicting evidence involving questions of credibility, and the referee has heard the witnesses, much greater weight naturally attaches to his conclusion, and the weight of authority is that the District Judge, while scrutinizing with care his conclusions upon a review, should not disturb his finding, unless there is most cogent evidence of a mistake and miscarriage of justice."

[3, 4] We can safely rest our decision upon one ground. It appeared before the referee that the Anglo-California Trust Company is the trustee named in and holds certain securities, to wit, a large number of deeds of trust securing obligations owing to the bankrupt. The referee finds that this trust relationship is evidenced by statements in the bankrupt's schedules in which it appears that the Anglo-California Trust Company is trustee under many deeds of trust for the Continental Building & Loan Association. It was also found by the referee that the principal counsel for the Continental Building & Loan Association is a director of the Anglo-California Trust Company and from time to time acts as attorney of the Anglo-California

Trust Company. These facts, which were not disputed, were sufficient warrant for the referee to disapprove of the selection of the Anglo-California Trust Company. It is very clear to our minds that, during the various proceedings to be had in the bankruptcy court, the trustee should be wholly free from any possible position whereby it might occupy the position of a trustee in bankruptcy calling upon itself, as trustee under deeds of trust, to account to itself. It is elementary that the duty of a trustee is to administer the estate impartially for the good of each and all of the creditors. No interest, except that of· the estate, should be his consideration. The duties which a trustee may be called upon to perform under the Bankruptcy Act and General Order 17 (89 Fed. viii, 32 C. C. A. xix), and others, are often of a character which require him to reclaim property and sue to avoid transfers, to take possession of property, books, and papers belonging to the estate, to redeem and discharge mortgages upon real property, to defend pending suits, possibly to call for assessments upon stockholders of a bankrupt corporation, to demand accountings from those who have business relations with the bankrupt, and to do very many things which can best be done where there is no relationship out of which can arise any conflict of interest, or even serious embarrassment to the trustee, by reason of business relationships, or, in case of corporations, by having directors or· officers in common. We are not unmindful of the advantage which often comes by having as trustee one who is familiar with the affairs of the bankrupt, and where those interested in the estate agree upon a selection, the referee should be satisfied by evidence before he withholds his approval of the one so agreed upon. But this brings us back to the original point that, inasmuch as the referee has a discretion, if in the exercise of it in the case of a building and loan association he refuses to approve of the appointment as trustee of a trust company which is a trustee under many instruments of trust for the bankrupt association, it is not for the reviewing courts to interfere with the action had.

The order of the District Court is affirmed.