### In re FOLEY.

### In re E. Y. FOLEY, Inc.

(District Court, S. D. California, N. D. March, 1924.)

Nos. 1046, 1048.

**I. Bankruptcy ⊘➞120—Creditors may select receiver as trustee.**

One who has acted as receiver of bankrupt's estate may be selected as trustee by creditors.

**2. Bankruptcy ⊘➞120—Individual and corporation's estates held properly consolidated, with only one trustee.**

Where corporation, of which debtor was given all of the common stock, was organized to carry on debtor's business, in effort to rehabilitate debtor in his business, pursuant to plan adopted by creditors, and thereafter bankruptcy proceedings were instituted against debtor and also the corporation, the two estates could be consolidated, with only one trustee.

**3. Bankruptcy ⊘➞126—Trustee's election upheld, unless disqualification or incompetence clearly shown.**

The election of a trustee by bankrupt's creditors will generally be upheld, unless disqualification or incompetence is clearly and satisfactorily shown.

**4. Bankruptcy ⊘➞120—Rule as to disqualification of trustee by relations with creditor seeking appointment, stated.**

Trustee is not disqualified, because intimate with creditors who took leading part in his election, unless under their domination, or unless his interests are so closely bound up with those of creditors as to make it improbable that he can act with fairness, and such creditor or creditors are claiming preference which may be within the power of trustee to allow or deny.

**5. Bankruptcy ⊘➞120—Trustee held not disqualified because former employee of bank affiliated with creditor active in procuring appointment.**

Where trustee had performed duty and commenced action to recover preferential payment from bank active in securing his election, and question of preference was for determination of court, referee's order confirming appointment of trustee will not be reversed on ground that trustee was former employee of another bank, whose stockholders owned the bank in question.

In Bankruptcy. In the matter of E. Y. Foley, bankrupt, and in the matter of E. Y. Foley, Incorporated, bankrupt. On review of referee's order confirming appointment of trustee. Confirmed.

I. Henry Harris, of Los Angeles, Cal., for petitioner.

T. M. Stuart and Newton A. Johnson, both of Fresno, Cal., for respondent and trustee.

JAMES, District Judge. E. Y. Foley, during and prior to the year 1923, was engaged in the business of purchasing, handling, and shipping fruit in and about the county of Fresno, Cal. In about the month of April, 1923, he found himself unable to meet the demands of his creditors. His total indebtedness at that time was in excess of $1,000,000 and his reported assets less that sum by at least $500,000. A large number of the creditors, all, in fact, so far as appears, except a very small minority, agreed that Foley should continue operations, believing that he would be able, with the assistance of the creditors, to re-estab-

lish his business on a solvent basis. To that end the E. Y. Foley Corporation was organized, and certain creditors arranged to contribute $200,000 to care for the immediate needs of the business, and particularly to provide a fund to enable grower creditors to have paid to them forthwith 25 per cent. of their claims in money, recognizing these creditors as being the most needy. Without stating the details of the scheme of organization, it is sufficient to say that all of the common stock was to be issued to Foley, and a large number of shares of preferred stock was to be issued, to be apportioned among grower creditors especially, to secure payment to them of the 75 per cent. of the amount of their claims which would remain after the application of the 25 per cent. cash hereinbefore mentioned. The whole purpose of the plan, it appears, was to rehabilitate Foley in his business.

Under the scheme of organization, had moneys been realized from the operation of the business sufficient to discharge the liabilities, Foley would have been the owner of all of the corporate stock of Foley, Incorporated. After operations had continued under the corporate organization, with Foley as its president, for a few months, it was found that profits were not being realized, but that the sum of debts was increasing. Thereupon petitions were filed to have Foley and Foley, Incorporated, declared bankrupt. Orders of adjudication were later made, and, pending the meeting of the creditors, William E. White was appointed as a receiver in both proceedings. The petitioner here was of the minority, who did not join with the other creditors in the operation or financing of the business of Foley, Incorporated. When the creditors met to elect a trustee, the receiver, William E. White, was selected by a vote of a large majority, both in amount and number of claims. The petitioner here favored the selection of another candidate. Upon confirmation being made of the choice of White as trustee, petitioner asked for a review of that order, and the matter has been submitted for decision.

In addition to the statement of facts contained in the certificate of the referee, testimony was heard in open court on behalf of the petitioner and respondent referee. Chief among the contentions of the petitioner for review, and as the only matters which seem to call for particular consideration here, are the questions: (1) Is a person who has acted as receiver of a bankrupt's estate disqualified to be selected as a trustee by the creditors? (2) Is there a conflict of interest existing as between creditors of Foley individually and Foley, Incorporated, so as to require that there be separate trustees in the two estates? (3) Was the selection of William E. White as trustee void because of the activities of certain of the majority creditors and the activities of the bankrupt, as contributing to bring about his election?

[1] The first question, I think, must be answered in the negative. To say that a receiver may not truly account as a trustee for the property which has theretofore come into his hands as receiver is only to say that it is possible that he may be an embezzler; he could as well misappropriate property, were he acting only as a trustee or receiver. It is not contended, nor is it to be inferred from any of the evidence, that the receiver has any claim against Foley or Foley, Incorporated, which might cause him to act with partiality and in his own interests.

[2] As to the second question: I am of the view that the two estates are of the same ownership—that the property of Foley and Foley, Incorporated, is to be considered as one sum of assets, subject to the claims of all creditors, and for that reason I think that a consolidation of the two estates can appropriately be made. The business was always the business of E. Y. Foley, while the operations were being carried under his individual name as well as afterwards, when conducted by E. Y. Foley, Incorporated, with Foley as president.

Under the third contention, it was shown that the chief executive officer of the branch of the Pacific-Southwest Trust & Savings Bank, located in Fresno, took an active part in securing the election of Mr. White as trustee. It appeared that White, at the time of his selection as receiver, was employed in the credit department of the First National Bank in the city of Los Angeles, the stockholders of which are the owners of the Pacific-Southwest Trust & Savings Bank. He was recommended for appointment in the first instance at the suggestion of the manager of the Fresno branch of the Pacific-Southwest Bank, and it appears that his selection was not only satisfactory to the then petitioning creditors, but it appears, also, that Mr. White is a man especially well qualified to conduct the affairs of the Foley estate. No question has been made as to the trustee's honesty or business capacity, and it appears without dispute that he was the choice of a large majority

of the creditors when the election of a trustee was held.

[3] The election of a trustee by creditors of a bankrupt will generally be upheld unless a clear and satisfactory showing is made of disqualification or incompetence. Judge Lanning, in the Matter of Eastlack (D. C. N. J.) 16 Am. Bankr. Rep. 529, 145 Fed. 68, reviews a number of pertinent cases and fairly states the admitted rule governing the matter, when he says: "The election of a trustee by the creditors is not to be disapproved, unless there is good reason for believing that the election has been directed, managed, or controlled by the bankrupt or his attorney or by some influence opposed to the creditors' interests."

Applying it to the particular case being considered, he adds: "If the creditors had confidence in Dr. Grace's integrity and in his ability and determination to administer the trust in their interest, the fact that he was acceptable to the bankrupt would very naturally lead to his election. Harmony of action between an honest bankrupt and an honest trustee tends to promote creditors' interest, and there is no law against the election of a person as trustee merely because he is acceptable to the bankrupt."

In the Matter of Merritt Construction Co. (C. C. A. 2d Cir.) 33 Am. Bankr. R. 616, 219 Fed. 555, 135 C. C. A. 323, the court said: "The choice of the creditors should not be overruled by the referee or District Judge except for substantial reasons."

[4, 5] It rarely ever happens that some particular ones of the creditors do not take the leading part in both suggesting the name of a proposed trustee and in working to bring about his election. A trustee so elected is not disqualified because he may be on terms of great intimacy with the creditor or creditors seeking his appointment. Where a trustee is under the domination of, or his interests so closely bound up with that of, the creditor recommending him for election as to make it improbable that he can act with fairness, and where at the same time such creditor or creditors is claiming a right of preference which may be within the power of the trustee to allow or deny, then naturally it is inappropriate that such a person should be selected to represent the creditors. That argument is made in the present proceeding.

It is shown to be a fact that at the time of the commencement of the bankruptcy proceedings the Pacific-Southwest Bank branch at Fresno had in its hands a considerable sum of money belonging to Foley, Incorporated, as against which it claimed, as I understand the case, a banker's lien. It was shown in evidence that the bank had evidenced a desire that the court should determine the validity of its claim and that the trustee had already commenced an action against the bank to recover the money. It therefore appears that the trustee has acted in full performance of his duty toward the creditors with regard to that particular matter, and, as the issues are before the court in the suit, the court rather than the trustee will finally determine all questions affecting the bank's claim. It was shown at the hearing that the trustee, upon being selected to that office, severed his connection with the First National Bank of Los Angeles, and he testified that there is no understanding or arrangement that he shall re-enter that employment. Admitting, as is conceded to be the fact by petitioner, that no attack should be made upon Mr. White as to his honesty and integrity, or ability and fitness for the work which the trusteeship imposes upon him, I do not think that the conditions shown are such as to make it advisable that the court's discretion should be exercised as against the choice made by the majority creditors. It was shown that the bankrupt himself preferred to have Mr. White elected as trustee, but it cannot be fairly deduced from the evidence submitted that his recommendation to the creditors determined their choice.

For the reasons stated, the order of the referee, approving the selection by the creditors of the trustee, is confirmed.