### In re FOLEY.*

### In re E. Y. FOLEY, Inc.

(District Court, S. D. California, N. D.  July 2, 1924.)

Nos. 1048–J, 1046–B.

**1. Bankruptcy ⬅484 — Receiver held entitled to compensation.**

Receiver who rendered full and very competent service in handling bankrupt's business, prior to his election as trustee, and under whose management a profit of approximately $50,000 accrued to benefit of creditors, *held* entitled to compensation.

**2. Bankruptcy ⬅96—Consolidation of bankrupt estate of corporation with estate of sole owner of corporation held proper.**

Where corporation was organized pursuant to plan made by majority of creditors, with view to re-establishment in business, and debtor was the head of such corporation and the

*Order modified 4 F.(2d) 154.

sole beneficial owner, and stock was never issued, the consolidation of the bankrupt estates of debtor and corporation *held* proper as against objection of creditor who did not consent to such plan; there being no conflict of interest.

**3. Bankruptcy ⬅360—Payment of dividend not stayed pending review, where court has no substantial doubt as to propriety of order.**

Payment of 5 per cent. dividend to creditors who were greatly in need of funds will not be stayed pending review of order, where there is no substantial doubt in the mind of the court as to propriety of order.

In Bankruptcy.  In the matter of E. Y. Foley, bankrupt, and in the matter of E. Y. Foley, Inc., bankrupt.  On petition for review of orders of referee consolidating the two estates, allowing receiver compensation, and declaring dividend.  Orders confirmed, with directions.

See, also, 1 F.(2d) 568.

I. Henry Harris, of Los Angeles, Cal., for petitioner, Withers Bros.

T. M. Stuart and Newton A. Johnson, both of Fresno, Cal., for trustee, White.

Everts, Ewing, Wild & Everts, of Fresno, Cal., for E. Y. Foley.

JAMES, District Judge.    On April 4, 1924, the referee in bankruptcy made an order that the matters above entitled be consolidated.  On the 28th day of April, 1924, the referee made an order allowing compensation to William E. White, who, prior to his election as trustee, had, under appointment by the court, acted as receiver in the matter of E. Y. Foley, Inc.  On April 28, 1924, the referee ordered that a first dividend of 5 per cent. be paid to the creditors.  Withers Bros., who were original creditors of E. Y. Foley in an amount approximating $20,000, made objection to the order of consolidation and to the order allowing compensation to the receiver, also to the order declaring the dividend.  The same creditor petitioned for a review of the orders mentioned and the matter has been argued and submitted for decision.

[1] There is scarcely room for debate upon the question of the propriety of the order made allowing compensation to the receiver in Foley, Inc.  The receiver, it appears, rendered full and very competent service in the handling of the business of the bankrupt prior to the election of himself as trustee by the creditors; it being admitted that under the receiver's management a profit of approximately $50,000 accrued to the benefit of the creditors.  No point is made that the services were of any less val-

ue than the amount fixed by the referee. It follows that the order fixing the receiver's compensation should be confirmed and become operative forthwith.

[2] The matters urged as objections to the order of consolidation of the two estates have in their substance been heretofore presented, fully argued, and determined by the order of the court entered on March 18, 1924. At that time the same creditor who appears now asked to have the order of the referee confirming the election of the trustee set aside. The contention raised there, which is the foundation for the objection now presented, was that there was a conflict of interest as between the creditors of Foley the individual, and Foley, Inc. For a general statement of the circumstances and conditions which attended the organization of Foley, Inc., reference may be made to the opinion filed on March 18, 1924 (D. C.) 1 F.(2d) 568. After having reread the briefs filed at the time the matter referred to was presented, and having considered carefully the supplemental evidence, and argument of counsel for the petitioner, I am firmly of the opinion that the conclusions arrived at in the decision of March 18, 1924, are correct, and that there is no conflict of interest between the creditors of the two estates. The organization of Foley, Inc., was the result of a plan made by a majority of Foley's creditors to furnish him additional assistance, with the view to his re-establishment in business as a fruit shipper and to avoid insolvency proceedings. Foley was at all times the head of Foley, Inc., and the beneficial owner of its stock. The stock, in fact, was never issued. Foley, under the name of Foley, Inc., received assistance by having advanced to him money of the majority of the creditors, but was unable to make any progress toward re-establishing his business; and so that attempt failed, with the result that the two proceedings in bankruptcy were instituted. Petitioner here did not join with other creditors in the attempt to rehabilitate the business of Foley, but he entered into an agreement whereby he was to satisfy two certain judgments held against Foley, aggregating about $20,000, in consideration of which Foley, Inc., was to guarantee payment of his debt and deliver certain of its preferred stock to the judgment creditor. Petitioner did execute a release of the judgments but received nothing in return therefor. It is apparent that the release of the judgments was without effect as discharging the debt, and that no lien had been acquired under the judgments which was lost. Petitioner's objection is prompted by the belief that, as a creditor who did not join in the plan of forming the corporate organization, he has acquired a position as a preferred creditor entitled to have full payment of his debt. That condition might, of course, follow if we consider the corporate organization as being a thing comprehending something different and distinct from the business of Foley as an individual. I have not been persuaded by the argument on the admitted facts that petitioner's contention has any sound basis to rest upon. For that reason I think that the orders of the referee brought under review should be confirmed.

[3] It was requested by counsel for petitioner that, if the conclusion indicated was reached, the enforcement of the referee's order be stayed to give an opportunity for a proceeding to be taken in the Court of Appeals to revise the order of this court. It appears that the dividend declared, of 5 per cent., will total an amount of about $100,000, a large proportion of which is payable to fruit growers in the San Joaquin Valley at and about Fresno, who are greatly in need of funds. It appears also that this dividend will not exceed 50 per cent. of the amount of funds in the hands of the trustee after deducting all amounts necessary to pay debts having priority, and other necessary expense allowances. Counsel representing the trustee has objected to a stay of the order for payment of the dividend for a period of time necessary to enable a review in the Court of Appeals, because of the stated necessity of creditors of the bankrupt. If the questions raised by the petitioner were such as to impress me that a substantial doubt exists as to the answer made to them, I would be inclined naturally to provide for a stay of proceedings until my order could be reviewed. If supersedeas were allowed, in my opinion it should only be allowed upon condition that petitioner furnish a bond guaranteeing the payment to the trustee for the benefit of the creditors of interest on the amount of the dividend at the legal rate covering the period of the suspension of the referee's order. But I am not willing, without being so advised by the Court of Appeals, to allow a stay even upon that condition, under the circumstances.

The order will be that the order of the referee consolidating the estates of E. Y. Foley and E. Y. Foley, Inc.; the order allowing compensation to the receiver of Foley, Inc., in the sum of $10,000; the order providing for a first dividend to be paid to

creditors—be approved and confirmed. Further, that the order providing for the compensation to be paid· to the receiver be immediately effective. That in order to enable the petitioner to apply to the Court of Appeals for a stay of proceedings as to the order declaring a dividend, the referee is directed to withhold payment of that dividend for a period of twenty days from this date.