## In re DAY LUMBER CO.

(District Court, W. D. Washington, N. D. October 23, 1925.)

No. 7636.

1. **Bankruptcy ⏝245—Trustee represents creditors, not bankrupt.**

Trustee represents creditors, not bankrupt.

2. **Evidence ⏝44—Judicial knowledge of identity of referee in bankruptcy.**

District Court for Western District of Washington, Northern Division, judicially knows that certain person has been regularly qualified and acting referee in bankruptcy in city of Seattle since August, 1914.

3. **Bankruptcy ⏝228—Referee's findings conclusive in absence of evidence.**

Where no transcript was furnished to referee in bankruptcy and certified to District Court referee's findings are conclusive.

4. **Bankruptcy ⏝123—Bankrupt estate belongs to creditors, whose right to appoint trustee is probably unqualified.**

Purpose of Bankruptcy Act (Comp. St. §§ 9585–9656) is to permit creditors to direct and supervise liquidation of bankrupt estate, which belongs to them, and their right, under section 44 (section 9628), to appoint trustee, is unqualified unless by concluding sentence of section 2 (section 9586).

5. **Bankruptcy ⏝126—Creditors' choice of trustee should not be set aside, unless majority seek factional advantage, election is involved in fraud, or for other good cause.**

While General Order No. 13 vests in court general supervisory power, and makes appointment of trustee by bankrupt's creditors subject to approval of referee or court, majority of creditors in number and amount may determine general policy of administration and control liquidation, their wishes, save in simplest matters, should be consulted, and not disregarded, unless majority seeks factional advantage or election is involved in fraud, and their choice, being substantial right, should not be set aside without good cause.

6. **Bankruptcy ⏝126—Court will not arbitrarily set aside election of trustee by majority of creditors when only one objected.**

Court will not arbitrarily set aside election of trustee by large majority of creditors in number and amount, in absence of evidence contrary to referee's finding that he was not elected in interest of any creditor, when only one creditor objected to election, only 3 of 82 or more feel aggrieved, and it is not shown that all creditors were not represented.

7. **Bankruptcy ⏝126—Presumed that attorney was employed in usual way by all creditors represented by him.**

In proceeding to review referee's order approving appointment of trustee by creditors, on ground that attorney of preferred creditor represented other creditors and acted in collusion with preferential creditors, it must be presumed, in absence of contrary showing, that he was employed in usual way by all creditors represented by him.

In Bankruptcy. In the matter of the Day Lumber Company, bankrupt. On petition to review referee's order approving election of trustee by creditors. Petition denied.

Pemberton & Robinson, of Seattle, Wash., for petitioners in review.

Greene & Henry, of Seattle, Wash., for trustee.

NETERER, District Judge. This is a petition to review the order of the referee in approving the election by the creditors of a trustee.

At the first meeting of the creditors, it appears, objection was made orally by the City Grain & Seed Company, having a claim of $564.51, to the allowance and voting of each of 66 claims. The meeting was ad-

journed by the referee to afford opportunity to put the objection in writing. At the adjourned meeting, formal objection was made to the claims of 66 creditors, being a majority in amount and number of all debts scheduled, aggregating approximately $500,-000, each of whom offered to vote for the trustee named. Eighty-two claims are filed. The referee, after hearing the evidence and the argument of counsel, allowed only such claims to be voted as had no preference or had surrendered such preference, and declined the vote to which objections were filed, on the ground that a preference had been received and not surrendered, and on vote it was shown that a large majority in both number and amount of the claims voted for the trustee selected, and this choice was approved by the referee, and his appointment confirmed. The objecting creditor and two others filed this petition for review.

The petition for review, in substance, states that a large majority of the creditors were represented and voted by C. S. Wills and Fred A. Anderson as their attorneys in fact, and that Wills and Anderson had for a year previous been trustees and officers of the bankrupt company, and such votes were cast in the interest of the bankrupt and its officers, and certain creditors who have received preferential payments which should have been surrendered, and that the authority had been secured by collusion between the bankrupt and a number of the preferential creditors, and that Mr. Oldham, an attorney of one of the preferred or secured creditors, acted as attorney in fact for some of the other creditors; that he had secured authority to represent and did represent some of the other creditors, and was acting in collusion with the preferential creditors.

The referee found from the evidence that the objections were not sustained, and the fact was established that the bankrupt was in financial stress and consented to the creditors taking over the property and business of the company with a view to keeping it as a going concern and liquidating its indebtedness; that Wills, Anderson, and Frye were chosen as a creditors' committee to take over the business of the corporation primarily on behalf of the creditors, and this was agreed to by the stockholders, and, to carry this plan forward, one share of stock was placed in the name of each member of the committee to qualify him as trustee, and a large block of stock was placed in their hands for the benefit of the creditors, and all of the stock was held in trust only, and

neither had any financial interest in the stock; that this committee was elected as officers and operated the bankrupt concern pursuant to the general plan for the benefit of the creditors; that the operation did not result in the reduction of the debts.

It is shown by the record and stated at bar that several of the creditors did not join, and that a named creditor refused to co-operate with this committee, and in July, 1925, about one year after the committee had taken charge, filed suit in the state court, alleging insolvency and praying appointment of a receiver, whereupon the petition in bankruptcy was filed. After adjudication, a number of the creditors, including Wills, Anderson, and Frye, and including some who it was claimed had received preferences, met to discuss a trustee; that at this meeting was the attorney who represented this creditors' committee, and, as a result of the meeting, a letter was sent to the creditors in which it was stated that the signers (creditors), believed it to the best interests of the creditors of the bankrupt that an experienced trustee be appointed, and inclosed a formal power of attorney to be executed, requesting that Wills and/or Anderson, two of the creditors' committee, be appointed to represent such claim, and recommended the selection of the trustee who was elected.

One of the objections to this trustee is that he is a representative of one of the creditors (naming it), holding a preference that has not been surrendered, and that this creditor, in collusion with other creditors, is improperly endeavoring to select a trustee agreeable to it; that this trustee had always acted for this creditor in bankruptcy proceedings; that the bankrupt concern, under the management of this named committee, operated at a loss during the year; and that their conduct is under investigation. No fraud is alleged, no incompetency shown, or want of capacity or lack of integrity.

It was stated at bar that no objection is made to the honesty, efficiency, business integrity, or capacity of the trustee who has been selected, and it was likewise stated at bar that the attorney who appeared at the meeting and who had represented the committee for the creditors, is a man of the highest integrity, and that it was not sought to reflect upon the honesty, integrity, or business capacity of the attorney or the trustee. This attorney is not attorney for the trustee, nor is any one who represented any of the creditors. I do not know the trustee, but I have known Corwin S. Shank, the attorney referred to, for more than a

generation, as a lawyer of the very highest integrity and legal ethics.

[1] At the time the bankrupt concern was turned over to Wills, Anderson, and Frye, they were not the choice of the bankrupt. They were the choice of the creditors. They are not stockholders in the sense of financial relation, but solely as a committee for the creditors. They did not join in the letter; it being sent by Schwabacher Bros. & Co., Inc., Simonds Saw & Steel Company, Fischer Bros. Company, Seattle National Bank, A. M. Castle & Co., Union Oil Company of California, Standard Oil Company, and Frye & Co. No activity is shown on their part in their behalf except their presence at this meeting of creditors. In re Machin (D. C.) 128 F. 315, 11 Am. Bankr. Rep. 449. They exercised no discretion. The trustee recommended in this letter was the person elected, and was and is a stranger to any interest in the bankrupt or representative of any creditor—a man, it is said, of the highest integrity. At bar it was stated, upon inquiry from the bench as to his identity and qualifications, that he is a man of splendid business ability and the head of a large business concern which has no interest in the bankrupt or its estate. All the authorities agree that the trustee represents the creditors and not the bankrupt. Wills, Anderson, and Frye at all times were representing the creditors, and, while so acting, were likewise representatives of the stockholders of the corporation, and executive and administrative heads, and for the purpose of the issue before the court must also be considered in that relation.

[2, 3] The referee found as a fact that the trustee selected had never acted as trustee in any bankruptcy proceeding pending since his incumbency, and the court judicially knows that this referee has been the regularly qualified and acting referee in the city of Seattle since August, 1914. Nor does it appear that he acted elsewhere in any relation for any of the creditors. The referee observed the witnesses, heard the testimony, and was in a position to weigh the evidence. There is no evidence before the court. It was stated at bar that a stenographic record was made. No transcript was furnished to the referee, and could therefore not be certified to this court. In the absence of the evidence, the findings of the referee must be conclusive.

[4, 5] The purpose of the Bankruptcy Act (Comp. St. §§ 9585–9656) is to permit creditors to direct and supervise the liquidation of a bankrupt estate. The estate belongs to them. Atkins v. Wilcox, 105 F. 595, 44 C. C. A. 626, 5 Am. Bankr. Rep. 313. There interest is primary. "The creditors shall * * * appoint one trustee. * * *" Section 44, act, supra (Comp. St. § 9628). There is nothing in the act, supra, which qualifies this right (Collier 1018); unless given by the concluding sentence of section 2, act, supra (section 9586). While General Order No. 13 vests in the court general supervisory power and says the appointment by the creditors shall be subject to the approval of the referee or by the court, the majority of the creditors in number and amount have a right to determine the general policy of administration and have control of the liquidation. Their wishes, save in the simplest matters, should be consulted (see Collier 1045; In re Kearney Bros. [D. C.] 184 F. 190, 25 Am. Bankr. Rep. 757; In re Baber [D. C.] 119 F. 520, 9 Am. Bankr. Rep. 406), and ought not to be disregarded, except when a majority, seeking factional advantage, when the court will afford relief, if presented to it, and except when the election is involved in fraud (In re Parsons Mfg. Co. [D. C.] 247 F. 126, 39 Am. Bankr. Rep. 858), and, unless for good cause, the choice for trustee, being a substantial right, should not be set aside (Bollman v. Tobin, 239 F. 469, 152 C. C. A. 347, 38 Am. Bankr. Rep. 504; Re Merritt Construction Co., 219 F. 555, 135 C. C. A. 323, 33 Am. Bankr. Rep. 616).

[6] There is nothing in the record, and the referee has found that it is not a fact that the trustee was elected apparently in the interest of any creditor (section 1105), or that votes were improperly obtained for him (Rem. on Bankruptcy, § 1010), and the court should not arbitrarily set aside the election of a trustee by a "large majority" of the creditors in number and amount, when only one creditor objected to his selection, and only 3 out of 82 or more creditors feel aggrieved, and it is not shown that all creditors were not represented (In re Wetmore, 29 Fed. Cas. 842, No. 17,466).

[7] In the absence of a contrary showing, it must be presumed Mr. Oldham was employed in the usual way by all creditors represented by him. In re Lloyd (D. C.) 148 F. 92, 17 Am. Bankr. Rep. 96. Matters are stated in argument that are not in the record or before the court. Rule 39 of General Orders, promulgated April 13, 1925, I do not think has application.

The trustee elected is apparently wholly disinterested and so found by the referee, and, if at any time he fails to fearlessly

and impartially discharge the trust he holds, or countenances factional advantage to a majority of the creditors, or permits them to overreach the minority, application can be made to the referee for such order as the facts warrant and to the court in review, if necessary. This court, it seems to me, would be asserting high autocratic power in the face of the record and the purposes of the Bankruptcy Act to set aside the selection of the trustee by the creditors and approval by the referee on the petition of less than 3 per cent. of the creditors, representing less than 5 per cent. of the claims, against the selection by a "large majority" of the creditors in number and amount, and the apparent satisfaction of more than 97 per cent. of all the creditors representing more than 95 per cent. of the claims.

The petition in review is denied.