## In re NATIONAL GRAIN CORPORATION.

### Petition of WILSON.

(Circuit Court of Appeals, Second Circuit. January 4, 1926.)

### No. 131.

1. **Bankruptcy ⊕262(3)—Order of referee, directing sale of real estate free from liens, held proper.**

Order of referee in bankruptcy for sale of real estate free from liens was proper, where trustee was in possession, value of property exceeded unquestioned liens, and trustee could not redeem, if foreclosure was brought in state court.

2. **Bankruptcy ⊕262(3)—Sale of real estate will not be ordered where probable sale price would not satisfy liens, but sale should be ordered if probable sale price will exceed liens.**

Under Bankruptcy Act, § 38 (Comp. St. § 9622), sale of real property will not be ordered where probable selling price would not satisfy liens, but if there may be an equity court should order such sale free of liens.

3. **Bankruptcy ⊕262(1)—Discretionary power of referee in determining whether sale of incumbered real estate will add to assets should not be disturbed, unless improvidently exercised.**

Judicial and discretionary power of referee in determination of whether sale of incumbered real property will add to assets of estate should not be disturbed, unless improvidently exercised, and only manifest error justifies reversal by District Judge.

4. **Bankruptcy ⊕446—In petition to revise, Circuit Court of Appeals may consider legal error of District Court in reversing referee.**

In petition to revise, Circuit Court of Appeals may consider legal error of District Court in reversing referee, who had ordered sale of real property free from liens.

5. **Bankruptcy ⊕446—Court cannot consider claim that moot question is presented, because state court holds jurisdiction in foreclosure proceedings not shown in record.**

In petition to revise order, reversing order of referee directing sale of real property free from liens, court cannot consider claim that case is moot, because state court holds jurisdiction in foreclosure proceedings, where such proceedings are not shown in record.

6. **Bankruptcy ⊕262(3)—Order reversing referee's order directing sale free from liens improvidently entered, in absence of stipulation against strict foreclosure.**

Order reversing order of referee directing sale of real estate of bankrupt free from liens *held* improvidently entered, in absence of stipulation for sale, under Gen. St. Conn. 1918, § 5224, instead of a strict foreclosure, which would cut off trustee's rights.

Petition to Revise Order of the District Court of the United States for the District of Connecticut.

In the matter of the National Grain Corporation, bankrupt. Petition by Clifford B. Wilson, as trustee, to revise an order of the District Court, reversing an order of the referee in bankruptcy directing sale of certain real property of bankrupt. Reversed.

Petition to revise an order of the District Court for the District of Connecticut, which order was entered by the referee in bankruptcy directing the sale of certain real property of the bankrupt free from all liens. The District Court reversed the order and denied the application to sell. Clifford B. Wilson, as trustee, filed this petition.

I. J. Cohen, of Bridgeport, Conn. (Arthur Frank, of New York City, of counsel), for petitioner.

Slade, Slade & Slade, of New York City (Benjamin Slade, of New York City, of counsel), for respondents.

Before ROGERS, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The bankrupt was the owner of real property which was subject to incumbrances of various mortgages. The trustee in bankruptcy petitioned for leave to sell the property free and clear of all incumbrances. The matter was referred to the referee in bankruptcy, who, after due consideration, directed the sale of the property as petitioned. Upon reviewing this determination, the District Judge reversed the order of the referee and denied the petition for the sale. The referee found that the recorded incumbrances of the property consisted of mortgages, interest, taxes and insurance, amounting to $175,328.27. There was of record a $70,000 mortgage, which was placed on the property less than a month before the filing of the petition in bankruptcy. The validity of this mortgage was questioned. It was said to have been given in exchange for a one-half interest in the equity of the property, and the referee found this was given at a time when the corporation was hopelessly insolvent. A mortgage of $10,000 and another of $17,000 are also said "to arouse grave suspicion" as to their validity.

All of the mortgagees resided in Connecticut and appeared at the hearings. Under the Connecticut statute, the trustee in possession would be unable, for want of funds, to redeem under strict foreclosure, even if successful in defending against the three disputed mortgages. The referee ruled that it is not necessary to bring the plenary suit, and that ordering a sale free and clear of liens would not impair the obligations of the contracts of the mortgages, nor take the property of the mortgagees without due process of law, or in violation of their constitutional rights. Mitchell v. Clark, 110 U. S. 633, 4 S. Ct. 170, 312, 28 L. Ed. 279; Canada So. R. Co. v. Gebhard, 109 U. S. 527, 3 S. Ct. 363, 27 L. Ed. 1020; In re Franklin Brewing Co., 249 F. 333, 161 C. C. A. 341. He fixed the appraised value at $149,260, and held that the bankruptcy court had authority to authorize the sale free and clear of the incumbrances held by the various claimants, and that such sale would produce a surplus for the benefit of the estate.

[1] In reversing the referee, the District Judge said: "Upon all the facts in the matter, no pecuniary benefit will accrue to the bankrupt estate if the trustee's petition to sell the property free of incumbrances is granted * * * because it appears that such sale will not be to the advantage of the bankrupt estate." The referee holding that the trustee was in possession, as he was, and that the value of the property exceeded the unquestioned liens, and that the trustee would be unable to redeem if foreclosure was brought in the state court, and therefore that a judgment of strict foreclosure would result in the ultimate loss to the estate, we think it was error for the District Judge to reverse this finding of the referee. In re Franklin Brewing Co., 249 F. 333, 161 C. C. A. 341; Wilson v. Building Ass'n, 232 F. 824, 147 C. C. A. 18; In re Knox Auto Co. (D. C.) 210 F. 569.

[2] The fact that the value of the real property to be sold was less than its recorded mortgages was not decisive, where the validity of some of the incumbrances is questioned. In each instance the determination of the bankruptcy court to sell free of liens depends upon the particular facts. A sale will not be ordered, where the probable selling price would not be sufficient to satisfy the liens, on the theory that the court will not assume jurisdiction over what it can never administer. On the other hand, if there is justification for the opinion that there will be an equity which will add to the assets of the estate, the court may and should order such sale free of liens, even though the recorded incumbrances exceed the probable sale price. The referee exercises judicial authority in the determination of this question. In re Abbey Press, 134 F. 51, 67 C. C. A. 161; Bankruptcy Act, § 38, 30 Stat. 555 (Comp. St. § 9622).

[3-5] Such judicial and discretionary power of the referee should not be disturbed

unless it appears to have been improvidently exercised, especially where the referee reports that he has entire confidence and believes it to be for the best interest of the estate to order a sale free of incumbrances in disposing of the property. Only manifest error would justify a reversal thereof by the District Judge. In re Hawkins (D. C.) 125 F. 633; In re Knox Auto Co. (D. C.) 210 F. 569; In re Thielberg (D. C.) 280 F. 408; Wilson v. Continental Bldg. & Loan Ass'n, 232 F. 824, 147 C. C. A. 18. In a petition to revise, we may consider the legal error of the District Court in reversing the referee under these circumstances. In re Franklin Brewing Co., 249 F. 333, 161 C. C. A. 341.

We may not consider the claims of the respondents that the case presents moot questions, because the state court now holds jurisdiction in foreclosure proceedings of respondent's $70,000 mortgage. Nowhere in the record is such a proceeding disclosed. Under section 70 of the Bankruptcy Act (Comp. St. § 9654), the trustee was vested with the bankrupt's title to the property.

[6] It appears that, under section 5224 of the General Statutes of Connecticut, a foreclosure may be had by sale, instead of by a strict foreclosure. If the parties stipulate that, if and when a foreclosure of any of the mortgages is instituted, there may be a sale of the property under foreclosure, instead of a strict foreclosure, we will affirm the order of the District Court. In that case the trustee could avail himself of all the defenses which he may be able to set up against any of the mortgages, and he can secure whatever equity the bankrupt's estate might be entitled to if the sale price exceeded the amount of the valid incumbrances as found by the court. The parties may enter into such a stipulation. In the absence of such agreement between the parties, the order below we hold to have been improvidently entered.

Order reversed.