**In re MICRODISK, INC., a Nevada corporation, Debtor.**

No. CV–R–83–258–ECR.

Bankruptcy No. 83–450.

United States District Court,
D. Nevada.

Sept. 26, 1983.

Chubb & Feinstein, Reno, Nev., for debtor.

Bruce D. Roberts, Reno, Nev., for trustee.

## OPINION AND ORDER

EDWARD C. REED, Jr., District Judge.

Sanford B. Schupper has appealed to this Court from an order entered August 13, 1983, by Bankruptcy Judge Robert Clive Jones. The order denied Mr. Schupper's motion to remove Jack Lebow as trustee in this Chapter 11 case. The denial came after a hearing on August 9 and 10, 1983, before Judge Jones.

This Court has adopted the Emergency Rule proposed by the Ninth Circuit Judicial Council as Local Bankruptcy Rule 118. Paragraph (e)(2)(B) of that Rule specifies that the district judge may accept, reject or modify, in whole or in part, the order of the bankruptcy judge, and "need give no deference to the findings of the bankruptcy judge."

In considering this appeal, this Court has reviewed all the files from Bankruptcy Court and has listened to the tapes of the hearing of August 9th and 10th. It now accepts in whole Judge Jones' order of August 13th, in which he "finds that no just cause exists for the removal of Jack Lebow as Trustee."

Mr. Schupper's motion to remove the trustee has been supported by strong argument. In fact, had Judge Jones granted the motion, his decision probably would have been sustainable on appeal. A bankruptcy trustee may not have an interest adverse to that of the trust he is administering; by requiring the trustee to forbear all opportunities to advance his own self-interest, the undivided loyalty of his administration dissuades any questioning as to its disinterestedness. *Mosser v. Darrow,* 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951); *Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 197 (9th Cir.1977). "The Court and the trustees in bankruptcy must be above suspicion." *In re Mason,* 12 B.R. 318, 319 (Bkrtcy.D.Nev.1981).

If the trustee is independent and not subject to influence, the possibility of collusion or dishonesty is greatly reduced. *Lines v. Falstaff Brewing Co.,* 233 F.2d 927, 930 (9th Cir.1956). His duties can best be performed where he has no business relationship out of which might arise a conflict of interest. *Id.* at 932; *Wilson v. Continental Building & Loan Ass'n,* 232 F. 824, 828 (9th Cir.1916). Mr. Lebow presently is litigating his right of ownership in a majority of the stock of MicroDisk, Inc., the debtor corporation. The Bankruptcy Code itself defines "disinterested person" as a person who is not an equity security holder, an insider or a creditor. 11 U.S.C. § 101(13)(a). Mr. Lebow appears to be an insider, and claims to be an equity security holder of MicroDisk. Thus, he does possess a strong interest in the welfare of the debtor corporation. However, that interest may well cause him to work with even more zeal on behalf of the bankruptcy estate of the corporation. This is in contrast to the circumstances of *In re Mason, supra,* where the trustee was removed because the debtor refused to assist or cooperate with the trustee.

The record herein clearly reflects that both the Unsecured Creditors' Committee and the primary secured creditor, Commercial Financing Services (CFS), strongly support the retention of Mr. Lebow as trustee. In fact, CFS has disapproved two successor trustees suggested by Mr. Schupper and has indicated that its continuing financing of MicroDisk would be reconsidered if Mr. Lebow is removed from office. Such adamant support by a creditor does not, by itself, create a conflict of interest, nor is it a basis for disqualification of a trustee. *Matter of W.T. Grant Co.,* 4 B.R. 53, 81 (Bkrtcy. S.D.N.Y.1980). The choice of the creditors is an important factor to be weighed in determining who shall serve as trustee; a conflict of interest would arise only if the trustee acted for the benefit of certain creditors to the detriment of the bankrupt estate. *Matter of REA Holding Corp.,* 2 B.R. 733, 734 (D.C.S.D.N.Y.1980); *see also In re Foley,* 1 F.2d 568, 570 (D.C.S.D.Cal. 1924); *Wilson,* at 232 F. 827; *In re Thomas,* 263 F.2d 287, 290 (7th Cir.1959).

If Mr. Lebow prevails in the litigation concerning ownership of stock, he will be a stockholder of MicroDisk. This status would not render him incompetent to serve as trustee. *In re Merritt Const. Co.,* 219 F. 555, 557 (2nd Cir.1914); *In re Gloria Vanderbilt-Sonia Gowns,* 26 F.Supp. 766, 767 (S.D.N.Y.1938).

A more serious question is presented by transactions between Computerland of Reno, which is owned by Mr. Lebow and his wife, and MicroDisk. In late 1982 Computerland sold three IBM computers to MicroDisk. The latter company did not pay for them. Less than a day before MicroDisk filed its petition in bankruptcy, on May 19, 1983, the three computers were picked up by Computerland in satisfaction of MicroDisk's obligation to it. Therefore, an issue exists as to whether the repossession constituted a preferential payment. Mr. Lebow has testified that his attorney is studying the matter. If the attorney considers the transaction to amount to a preference, Mr. Lebow represents that he will return the third computer to MicroDisk (two already have been returned). Should the attorney decide that the repossession was not a preferential payment, the matter would be presented to the bankruptcy judge for resolution. Mr. Lebow states that he will accept the judge's decision, which means that Computerland will return the third computer if the decision is adverse. The procedure outlined by Mr. Lebow would avoid a conflict of interest from arising that could be detrimental to MicroDisk. A mere potential conflict of interest will not, of itself, disqualify a creditor from serving as bankruptcy trustee. *In re Freeport Italian Bakery, Inc.,* 340 F.2d 50, 54 (2nd Cir.1965).

11 U.S.C. § 324 provides that a trustee may be removed "for cause." Cause for removal is not to be found in the formal relationships of the trustee but, rather, stresses the elements of fraud and actual injury to the debtor's interests. *Freeport Italian Bakery* at 54; *W.T. Grant* at 82; *REA Holding Corp.* at 735. Further, both *Freeport* (at 55) and *REA* (at 735) hold that removal should be exercised only if the administration of the bankrupt estate would suffer more from the discord created by the present trustee than would be suffered from appointment of a successor trustee. Judge Jones, with good reason, denied the motion to remove Mr. Lebow. He noted that any trustee will serve only until a plan is confirmed. Meanwhile, Mr. Lebow has filed a bond in the sum of $100,000 conditioned on the faithful performance of his duties as trustee.

IT IS, THEREFORE, HEREBY ORDERED that Judge Jones' Order re Removal of Trustee, dated August 13, 1983, in which he denied Mr. Schupper's motion to remove the trustee, be, and the same hereby is, AFFIRMED.