133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey RICHIE, Petitioner-Appellant,
v.
G.H. BALDWIN, Respondent-Appellee.
 No. 97-35156.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 16, 1998.**
 
 Before PREGERSON, TROTT, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Before a federal court may consider granting habeas relief, a federal habeas petitioner must exhaust all available state court remedies on direct appeal and by collateral proceedings. Keeney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992). The habeas petitioner must "fairly present" to the state courts the "substance" of his federal habeas corpus claim. Anderson v. Harless, 459 U.S. 4, 6 (1982). Fairly presenting a claim requires that the petitioner raise in the state court proceeding both the operative facts and the legal theory upon which the claim is based. Id.
 
 
 3
 Here, petitioner did exhaust his state court remedies on his ineffective assistance of counsel claims regarding his trial counsel's failure to discuss waiver of a jury trial and failure to object to the trial court's imposition of the restitution order. The district court did not abuse its discretion by denying habeas relief on these claims without an evidentiary hearing. Neither claim demonstrates that the attorney's performance fell below an objective standard of reasonableness or prejudiced petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 Petitioner did not exhaust his state court remedies on his remaining claims of ineffective assistance of counsel. Petitioner's claim before the Oregon Supreme Court, the highest state court with jurisdiction to consider them, merely alleged that petitioner's trial attorney rendered ineffective assistance of counsel (1) by failing to discuss jury waiver, and (2) by failing to object to the restitution order. The Oregon Supreme Court did not consider additional instances of alleged ineffectiveness that petitioner contends were properly before the district court.
 
 
 5
 The district court properly held defendant was procedurally barred from presenting his remaining claims alleging ineffective assistance of counsel as they were not adequately before the state courts. They were not incorporated by reference by citing supporting materials. See Wells v. Maass, 28 F.3d 1005, 1011 (9th Cir.1994).
 
 
 6
 Federal review of a procedurally defaulted claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.2d 802, 804-05 (9th Cir.1993). Neither has been shown here.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3